**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MARIE JOSEPH
2054 CHRIS COURT
UNION, KENTUCKY 41091

Plaintiff,

v.

RONALD JOSEPH
1116 LEAFTREE COURT
CINCINNATI, OHIO 45208

Defendant.

Case No. 1:16-cv-00465TSB

Judge Timothy S. Black

**RULE 26(f) REPORT OF PARTIES**

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on June 2, 2016, and was attended by:

Kevin L. Murphy, counsel for plaintiff(s) Marie Joseph

______________________, counsel for plaintiff(s) ______________________

______________________, counsel for plaintiff(s) ______________________

James E. Burke, counsel for defendant(s) Ronald Joseph

James R. Matthews, counsel for defendant(s) Ronald Joseph

Ali Razzaghi, counsel for de6fendant(s) Ronald Joseph

2. The parties:

____ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

_X_ will exchange such disclosures by ___June 16, 2016.

____ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

____ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

_X_ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c). (Agreed by both parties.)

____ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings:

Plaintiff—October 1, 2016; Defendant—July 29, 2016

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: Plaintiff--without leave by August 15, 2016;

Defendant requests June 30, 2016

6. Recommended discovery plan:

a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation,
(2) prepare for case dispositive motions and (3) prepare for trial:

See attached Exhibit A for Plaintiff. Defendant proposes that discovery be

taken on all claims and defenses raised in the Complaint; answer and

  affirmative Defenses. Defendant states that discovery is likely to include written discovery, exchange of documents, and depositions.

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 40 interrogatories/requests for admissions and the limitation of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

  See attached Exhibit B for Plaintiff. Defendant proposes no changes be made to the limitations on discovery imposed under the Federal Rules.

c. Additional recommended limitations on discovery:

  None for Plaintiff. Defendant proposes that discovery be limited to Columbia Development Corp., that discovery should not be allowed into other entities, events that occurred more than four years before the Complaint was filed, or into claims for which Plaintiff does not have standing to assert.

d. Recommended date for disclosure of lay witnesses.

  January 16, 2017

e. Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R.Civ. P. 26(a)(2).

  Plaintiff expects to hire a forensic accountant for damages; a real estate appraiser and a dealership appraiser to prove the value of real estate/car dealerships and damages; an appropriate appraiser to value the Florida condo and dock slips, along with the value of several boats in several states. Expert testimony may be necessary on the issue of a fraudulent POA.

    Handwriting expert on the issue of fraudulent signatures.

Defendant does not believe that many of Plaintiff's proposed experts are relevant to the issues raised in the Complaint, Answer, and Affirmative Defenses, but will retain rebuttal experts as appropriate.

f. Recommended date for making primary expert designations:

Plaintiff recommends January 2, 2017;

Defendant recommends October 31, 2016.

g. Recommended date for making rebuttal expert designations:

Plaintiff recommends February 10, 2017;

Defendant recommends November 30, 2016.

h. The parties have electronically stored information in the following formats:

N/A for Plaintiff. Defendant submits that the parties have electronically stored information in emails, PDFs, and native documents maintained on various personal computers.

The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

At this time, Plaintiff is unable to determine the full extent of ESI issues in that Plaintiff is not aware of Defendant's technology configuration at the numerous places of business he owns, operates, or controls, and how or where the shareholder and financial records are maintained. However, Plaintiff contemplates that the servers, archive, native emails and microfiche

    may be issues for all entities listed on Exhibit C. Defendant submits that a protective order will need to be entered before any confidential information will be disclosed.

i. The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

The Keating firm has participated in the formation of corporations, LLCs, and other legal documents for Defendant's businesses and attended certain board and shareholder meetings, none of which is privileged. Certain lawyers are named as trustees in various real property transactions and transfers. Keating has discoverable documents and information in its possession. Defendant submits that the protective order should include a clawback agreement consistent with Federal Rule 26(b)(5)(B). The party claiming that information produced is subject to a claim of privilege or of protection as trial—preparation material should notify the other party in writing.

Have the parties agreed on a procedure to assert such claims **AFTER** production?

__X__ No

______ Yes

______ Yes, and the parties ask that the Court include their agreement in an order.

j. Recommended discovery cut-off date: Plaintiff recommends March 1, 2017;

Defendant recommends December 23, 2016.

6. Recommended dispositive motion date: Plaintiff recommends April 1, 2017; Defendant recommends January 15, 2017.

7. Recommended date for status conference (if any): October 1, 2016

8. Suggestions as to type and timing of efforts at Alternative Dispute Resolution: Plaintiff will attend mediation after receiving a complete response to written discovery, after deposing the Defendant, his sons, his current and former CFOs, and certain other key witnesses, such as board members. Plaintiff would like to tentatively set a mediation date in late-September or early October 2016. The Defendant is willing to mediate, but thinks it would be productive to do so in November.

9. Recommended date for a final pretrial conference: April 19, 2017

10. Has a settlement demand been made? Yes A response? No

Date by which a settlement demand can be made: See above.

Date by which a response can be made: ____________

11. Other matters pertinent to scheduling or management of this litigation: Plaintiff states that central to this minority shareholder oppression action are the nature and extent of direct or indirect transfers directed or made by Defendant. These transfers have had the effect of limiting or reducing the value of companies in which Marie has ownership interests and the value of her share

ownership in these companies. Since its inception, Columbia has morphed from one entity into at least four separate entities and eight separate fictitious names, doing business under Columbia and frequently doing business under the rubric of the "Joseph Auto Group." The Defendant has also created 15 different corporate structures with numerous entities and fictitious names. Discovery is necessary on all entities owned and/or controlled by Defendant, not just Columbia.

The Defendant submits that issues of standing and the statute of limitations will

determine the scope of this litigation.

Signatures:

*/s/ Kevin L. Murphy*

Kevin L. Murphy (0021810)
Kevin L. Murphy PLLC
2400 Chamber Center Dr., Suite 212
P. O. Box 17534
Fort Mitchell, KY 41017-0534
Tel: (859) 578-3060
Fax: (859) 578-3061
klmurphy@kevinmurphylaw.com
*Trial Attorney for Plaintiff Marie Joseph*

*/s/ James E. Burke*

James E. Burke (0032731)
Rachael A. Rowe (0066823)
James R. Matthews (0043979)
Keating Muething Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, OH 45202
Tel: (513) 579-6400
Fax: (513) 579-6457
jburke@kmklaw.com
rrowe@kmklaw.com
jmatthews@kmklaw.com

James C. Frooman (0046553)
Ali Razzaghi (0080927)
Stephen R. Hernick (0090285)
FROST BROWN TODD LLC
3300 Great American Tower
One East Fourth Street
Cincinnati, OH 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
jfrooman@fbtlaw.com
arazzaghi@fbtlaw.com
shernick@fbtlaw.com
*Trial Attorneys for Defendant Ronald Joseph*

**CERTIFICATE OF SERVICE**

I certify that on June 6, 2016, I electronically filed this Answer with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

*/s/ Kevin L. Murphy*