# Exhibit 1

**Marie Joseph v. Ronald Joseph,** *et al.***, 1:16-cv-465**
**Informal Discovery Dispute Outline**

This case is set for an informal discovery conference on 8/21/17 at 10:30 a.m.

## Discovery Issues

The Court received three letters in anticipation of this dispute: one from Plaintiff, one from Ron's Sons, and one from Ron. Both the Plaintiff and Ron's Sons have issues they wish to address; Ron's letter simply responds to Plaintiff's letter.

A.  *Plaintiff's letter.*

**Plaintiff's Issue No. 1.** "Financial information was not actually provided from Susan Jeffry's CPA firm (an entity that has reviewed Columbia financial statements), despite the representations of counsel for Ron Joseph that information was being obtained from the company's professionals, including the accountants."

**Ron's Response**: "Ron *did* collect and produce some documents from Susan Jeffery. Ron also produced communications between Ms. Jeffery and Columbia employees. We never represented that all information from Ms. Jeffery had been produced. We made repeated efforts to obtain additional information from her that she ignored. In fact, I indicated in an email to Mr. Landen in November, 2016, that Ms. Jeffery was 'pretty non-responsive.' In any event, Plaintiff has now subpoenaed Ms. Jeffery."

**The Court's Comments**: From the limited information presented, it appears that Ron's counsel attempted to collect some documents from a third party but encountered some issues with that party's cooperation. The Court is not going to (and could not) order Ron's counsel to collect documents from a third party without that party's cooperation. In any event, it is unclear if this issue is still ripe in light of the subpoena that appears to have been served on this third party.

**Plaintiff's Issue No. 2.** "Complete information has not been provided from K.B. Parrish & Co., LLC, another accounting firm that has received Columbia financial statements."

**Ron's Response**: "Ron did produce thousands of pages of documents from K.B. Parrish. In any event, Plaintiff has now served a subpoena on K.B. Parrish, so any

additional documents that Plaintiff's counsel think are missing would be better addressed with K.B. Parrish."

**The Court's Comments**:  From the limited information presented, it appears that Ron's counsel has collected some documents from a third party, but Plaintiff's counsel is not satisfied with the production.  Again, the Court is not going to (and could not) order Ron's counsel to collect documents from a third party without that party's cooperation.  In any event, it is unclear if this issue is still in ripe in light of the subpoena that appears to have been served on this third party.

**Plaintiff's Issue No. 3.**  "The information provided *to* the accountants, and other communications with the accountants, have not been produced."

**Ron's Response**:  "This is not true.  Ron *did* produce information provided to the accountants and communications between Columbia and its accountants."

**The Court's Comments**:  The parties need to confer, outside of the presence of the Court, to clarify whether all of this information has been produced (and if it has not, the reason for its non-disclosure) before this issue can be properly addressed at an informal discovery conference.

**Plaintiff's Issue No. 4.**  "Financial statements and other financial data from Columbia subsidiaries have not been produced."

**Ron's Response**:   "This is also not true.  Plaintiff's counsel have had Columbia financial statements for many months or, in some cases, over a year.  We have repeatedly represented to Plaintiff's counsel that the financial statements for other Columbia subsidiaries do not exist.  They simply don't believe us."

**The Court's Comments**:   This does not appear to be an appropriate issue for an informal discovery conference.  If Ron's counsel—officers of the Court—are representing that Plaintiff has all the documents responsive to this request, Plaintiff should drop the issue.  If Plaintiff's counsel is still not satisfied, they can depose agents of the subsidiaries and inquire about their record keeping practices.

**Plaintiff's Issue No. 5.**   "Even as to the items that have been produced, the Columbia general ledger and other financial information have not been provided in reasonably usable native format or even 'near native' format."

**Ron's Response**:   "No native formats exist that can be exported, as we have consistently represented to Plaintiff's counsel.  The only documents available from the software are .txt files.  We exported the .txt files, and then went a step further to create text-searchable PDF files.  This is a 'reasonably usable form' as required by Rule 34—and the only form that exists."

**The Court's Comments**:  Federal Rule of Civil Procedure 34 requires electronically stored information to be produced in a "reasonably usable form."  It appears Ron's counsel has made efforts to produce these documents in a "reasonably usable form;" Plaintiff has not set forth any argument from which the Court can conclude otherwise.

**Plaintiff's Issue No. 6.**    "Documents relating to transfers from Columbia to Pond Realty Company ('Pond') have not been produced."

**Ron's Response**:    "Again, this is not true.  Ron has produced checks, calculations, and financial records relating to transfers from Columbia to Pond."

**The Court's Comments**:   The parties need to confer, outside of the presence of the Court, to clarify whether all of this information has been produced (and if it has not, the reason for its non-disclosure) before this issue can be properly addressed by the Court at an informal discovery conference.

**Plaintiff's Issue No. 7.**    "Documents regarding loans/loan applications for Ron and Defendant-related entities have not been produced."

**Ron's Response**:    "Plaintiff never sought documents relating to 'loan/loan applications.'  Plaintiff requested 'documents relating to loan applications made by Columbia.'  Columbia doesn't maintain any documents relating to loan applications.  As a result, we responded that there were no responsive documents in Ron's possession, custody or control.  That remains the case."

**The Court's Comments**:   This does not appear to be an appropriate issue for an informal discovery conference.  Ron's counsel—officers of the Court—are representing that the documents requested by Plaintiff do not exist.  If Plaintiff's counsel is not satisfied with this representation, they can depose an agent of Columbia and inquire about whether it keeps, or does not keep, documents relating to loan applications.

**Plaintiff's Issue No. 8.**    "Checks or other payments to other Columbia shareholders have not been provided."

3

Case: 1:16-cv-00465-TSB Doc #: 77-1 Filed: 11/29/17 Page: 5 of 10 PAGEID #: 5404

**Ron's Response**: "Plaintiff never formally requested checks to other Columbia shareholders. Plaintiff's counsel incorrectly argued that these were 'communications.' In any event, Ron is producing these documents today."

**The Court's Comments**: This issue is moot. If Plaintiff has issues with Ron's recent production of checks, it should attempt to resolve those issues with Ron's counsel outside the presence of the Court before addressing them at an informal discovery conference.

**Plaintiff's Issue No. 9.** "Information regarding compensation received by additional defendants from Joseph Auto Group and other entities has not been provided. Ron is withholding that information on the basis of an objection to producing 'documents relating to any compensation, bonuses and other things of value received by [Ron] and his children' from a number of entities—including the Joseph Auto Group, Columbia Oldsmobile Company, its subsidiaries and several other entities."

**Ron's Response**: "Ron objected over a year ago to these document requests on the basis that any compensation Ron and his sons receive is not relevant. It remains the case that such documents are not relevant to the claims in Plaintiff's Amended Complaint."

**The Court's Comments**: Plaintiff has not properly presented this issue for an informal discovery conference. There is no argument as to why the information Plaintiff seeks is relevant, and the Court is accordingly not in a position to suggest that Ron produce this information.

**Plaintiff's Issue No. 10.** "Defendants have refused to produce documents in the possession of attorney Joseph Rouse."

**Ron's Response**: "Ron *has* produced unprivileged documents in the possession of attorney Joe Rouse and his law firm, Keating Muething & Klekamp. Ron has objected to producing 'all . . . communications' with Joe Rouse on privilege grounds."

**The Court's Comments**: There is no issue presented for the Court to decide here. If Ron has produced all relevant non-privileged communications, this issue is moot. If Plaintiff believes there are documents Ron is withholding, the parties are required to attempt to resolve that issue outside the presence of the Court before properly presenting the issue to the Court. "Properly presenting the issue" means identifying which

4

documents are at issue, why they are or are not privileged, and why they should or should not be produced.

**Plaintiff's Issue No. 11.**   "Defendants have refused to provide a privilege log as to the documents being withheld by Mr. Rouse."

**Ron's Response**: "Ron Joseph's privilege log contains 436 entries. Many of these are communications to or from Joe Rouse. We simply refuse to add additional entries to the log that might be responsive to Plaintiff's request seeking all 'communications to or from Joseph Rouse regarding Columbia,' a clearly objectionable request that is targeted solely at privileged documents."

**The Court's Comments**:  As the Court understands it, Ron's privilege log lists all communications to or from Joseph Rouse that were responsive to discovery requests <u>to which Ron agreed</u> to produce responsive documents. As the Court understands it, Ron's privilege log does <u>not</u> contain entries for communications to or from Joseph Rouse that are <u>only</u> responsive to Plaintiff's request for "all communications to or from Joseph Rouse regarding Columbia," because Ron objected to that request. There is no reason to require Ron to list communications on a privilege log that are only responsive to a discovery request to which Ron objected. To the extent Plaintiff takes issue with Ron's objection, Plaintiff has not set forth any argument as to why Ron's objection lacks merit.

**Plaintiff's Issue No. 12.**   "Plaintiff has also requested the deposition of Mr. Rouse, and that request has been refused. Plaintiff needs to depose Mr. Rouse regarding specific transactions that Plaintiff asserts have deprived Plaintiff of the value of her interest in Columbia. This information is not available from other sources."

**Ron's Response**: "We will make Joe Rouse available for a deposition if Plaintiff requests it and will raise any privilege objections where appropriate. Indeed, I responded with potential dates for depositions for a number of witnesses, including Joe Rouse, on December 31, 2016."

**The Court's Comments**: There is no issue presented for the Court to decide. Ron's counsel will make Mr. Rouse available for a deposition. The parties should work together outside the presence of the Court to schedule it.

**Plaintiff's Issue No. 13.**   "Ron's counsel has interfered with third party subpoenas and should be instructed to discontinue doing so.

5

- The objection served by K.B. Parrish, the accounting firm, was ghostwritten by Ron's counsel.

- Plaintiff also served a subpoena on Pond, a company that is purportedly owned by Ron's sons to which numerous large financial transfers have been made from Columbia and Columbia's subsidiaries. Depsite that entity not being owned by him, Ron's counsel has undertaken representation of Pond and objected to producing anything.

    o The documents sought relate to millions of dollars being transferred out of Columbia and its subsidiaries to Pond in a scheme described by one of the Defendants to "have dealerships funnel money to somewhere like swap [sic] or pond [sic] or board fees to an entity we commonly own, then have at it."

    o The objections were served after the deadline and are a nullity."

**Ron's Response**: "This claim is false. We have tried to facilitate subpoena responses and compliance with the Protective Order. Ron's counsel did not ghostwrite the objections served by K.B. Parrish. Ron's counsel are counsel for Pond Realty Company and many other companies. It is unclear why Plaintiff's counsel think Ron must own a company in order for his counsel to represent it."

**The Court's Comments**: Ron's counsel has not interfered with any subpoena just by representing the recipient. Again, this issue is not properly before the Court. If Plaintiff has issues with the third parties' objections or production, it should identify those issues and present them to the Court in sufficient detail to allow the Court to make a recommendation. To the extent Plaintiff alleges some objections were served after the deadline, the Court is aware that in "unusual circumstances and for good cause," the "failure to act timely will not bar consideration of objections." *See American Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999). The parties have not presented the issue to the Court in sufficient detail to allow the Court to opine on the issue of waiver.

**Plaintiff's Issue No. 14.** "As noted above, Ron's counsel assured Marie that third party discovery would not be necessary because those documents would be considered in Ron's care, custody or control. Subsequently, Plaintiff has served a subpoena to try to get the documents directly from the accounting firm. In response to Plaintiff's subpoena, Jeffery CPA Group, LLC indicates it is willing to produce

6

documents if Ron and the entities for which it holds responsive documents agree to waive any applicable accountant-client privilege. Ron's counsel should be required to take all necessary steps to cause Jeffery CPA Group, LLC to provide the documents requested by the subpoena."

**Ron's Response**: "This item appears to confuse the subpoenas to Susan Jeffery and Pond. Although not required to do so, we sent an email to counsel for Ms. Jeffery waiving any accountant-client privilege. As to the Pond subpoena, Plaintiff's counsel have refused our invitations to meet-and-confer about it, falsely claiming that we had already conferred about the subpoena (and ignoring a question about when this meet-and-confer occurred). We remain willing to meet-and-confer about this subpoena, and we think Plaintiff's counsel should be required to do so before raising any issues with this Court. Notably, Ron has already produced the non-objectionable documents Plaintiff seeks in the Pond subpoena."

**The Court's Comments**: This issue is not properly before the Court. To the extent Plaintiff is referring to the Jeffery subpoena, Ron has already waived the accountant-client privilege. To the extent Plaintiff is referring to the Pond subpoena, the parties are required to resolve this issue outside the Court's presence before presenting it at an informal discovery conference.

**Plaintiff's Issue No. 15.** "Discovery conducted in this case should not continue to be limited to information that post-dates January 1, 2008. Ron and the Additional Defendants (A) have conducted extensive discovery as to matters before that date and (B) have cited to and put into the record extensive evidence that predates January 1, 2008. With the January 1, 2008 limitation, Plaintiff has been unable to conduct meaningful discovery relating to information that predates January 1, 2008 necessary and appropriate in Plaintiff's case, including but not limited to the information identified in Plaintiff's Rule 56(d) submissions."

**Ron's Response**: "We believe that limiting discovery to events since January 1, 2008 remains logical for the reasons explained in the summary judgment briefing. The only pre-2008 discovery Defendants have focused on relates to Plaintiff's prior knowledge of her claims, which this Court previously acknowledged was a proper subject of discovery and did not open the door into additional pre-2008 discovery."

**Ron's Sons** concur with Ron's response, noting in their letter that Plaintiff's most recent subpoenas eliminated the 2008 cutoff date.

**The Court's Comments**:  The Court's October 3, 2016, Notation Order stated that "Discovery should be limited to an 8 year period" and noted that if Plaintiff wanted to remove that restriction, the Court "needs legal argument."  The Plaintiff's submission does not present legal argument on this issue; it merely references her Rule 56(d) motions.  Those motions do not request to extend the discovery period, and state, in conclusory fashion, that Plaintiff requires this information to support her claims.  In any event, the Rule 56(d) motions are still in the briefing phase, and the Court should defer consideration of this issue until the parties have had the chance to adequately set forth their positions in their briefs.

**Plaintiff's Issue No. 16.**    "Ron is withholding on the basis of an objection additional documents constituting deeds, valuations and leases for real property owned, transferred or leased by or to Ron and his children from January 1, 2008-2012."

**Ron's Response**:  "Ron has complied with the Notation Order.  He has produced property documents relating to Columbia since 2008.  Ron has objected to producing documents relating to real estate owned by him or his children personally."

**The Court's Comments**:  The Court's October, 3, 2016, Notation Order required Ron to produce documents regarding Columbia and any other entity in which he had an ownership interest.  In the absence of any argument (and there is none) indicating why property owned by Ron and his sons personally is relevant and should be produced, the Court should not order production of those documents.

### B.    Ron's Sons' Letter

Ron's Sons argue that Plaintiff has asserted documents and communications involving her son, Derek Joseph, are protected by the attorney-client privilege based on the assertion that Derek is a "necessary agent" of Plaintiff.  Plaintiff has refused to produce written communications between Derek and Plaintiff's counsel regarding the subject matter of this case, and both Plaintiff and Derek have refused to testify about their communications.

As the Court understands it, Derek is not an attorney, he is just a family member.  He is only involved in this case because Plaintiff "needed help" and "didn't know what was going on, so she asked [Derek] to help her."  Derek is a "conduit of information" for Plaintiff, he reviews documents that have been produced in discovery, helps Plaintiff search for responsive documents, and meets with Plaintiff's counsel (with Plaintiff and, sometimes, alone).

Plaintiff did not address this issue in its submission.

If Defendant's account is correct, communications with Derek are not privileged and should be produced. Communications with third parties for support—even relatives—are not privileged. *Lucas v. Gregg Appliances, Inc.*, 1:14-cv-70, 2014 U.S. Dist. LEXIS 168751, at * 7 (S.D. Ohio Dec. 5, 2014). Instead, there must be some evidence that the third-party was "necessary to facilitate the attorney-client relationship." *Id.* No such evidence has been presented here.

Ron's Sons also claim Plaintiff's privilege log does not contain sufficient information regarding her "privileged" communications with Derek. Because those communications are not privileged, this issue is moot.

9