**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MARIE JOSEPH | : | |
| | : | Case No.:  1:16-cv-00465-TSB |
| Plaintiff, | : | |
| | : | Judge:  Timothy S. Black |
| vs. | : | |
| | : | **MOTION TO STRIKE AND TO** |
| RONALD JOSEPH, *et al.*, | : | **EXTEND DEADLINE FOR** |
| | : | **ADDITIONAL DEFENDANTS'** |
| Defendants. | : | **REBUTTAL EXPERT DISCLOSURES** |
| | : | |

Defendants Gregory G. Joseph, George R. Joseph, Richard S. Joseph, and Ronald Joseph Jr. ("Additional Defendants"), by and through their undersigned counsel, pursuant to Rules 37(c),  26(a), and 6(b), and the Court's inherent authority, respectfully request that the Court enter an order:  1) striking certain "supplemental" expert reports that were produced by Plaintiff in February and March of 2018, months after the applicable primary expert disclosure deadline; and 2) extending Additional Defendants' deadline to disclose rebuttal experts and reports until and including April 13, 2018.  The grounds for this motion are set forth in the attached memorandum in support.

Respectfully submitted,

s/Scott A. Kane
Scott A. Kane (0068839)
Colter Paulson (0081903)
SQUIRE PATTON BOGGS (US) LLP
221 East Fourth Street, Suite 2900
Cincinnati, Ohio 45202
Phone: (513) 361-1240
Fax:  (513) 361-1201
scott.kane@squirepb.com
colter.paulson@squirepb.com

*Attorneys for Additional Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MARIE JOSEPH                              :
                                          :    Case No.:  1:16-cv-00465-TSB
        Plaintiff,                        :
                                          :    Judge:  Timothy S. Black
vs.                                       :
                                          :    **MEMORANDUM IN SUPPORT OF**
RONALD JOSEPH, *et al.*,                  :    **MOTION TO STRIKE AND TO**
                                          :    **EXTEND DEADLINE FOR**
        Defendants.                       :    **ADDITIONAL DEFENDANTS'**
                                          :    **REBUTTAL EXPERT DISCLOSURES**
                                          :

## I.    Introduction.

The deadline for disclosure of primary experts and their reports was November 30, 2017. (*See* Doc. #42 – Mar. 13, 2017 Calendar Order).  On February 28, 2018, Plaintiff served a "supplemental" report of its primary expert, Robert Hesch, which included new opinions, including regarding a new subject (management fees) that was not included in his primary report. Plaintiff served a "supplemental" report from another expert, Michael Costello, on March 1, 2018.  Plaintiff neither sought nor received leave to serve additional primary expert reports after the November 30, 2017 deadline.

Upon Plaintiff's motion, the Court set an in-person status conference for February 6, 2018.  In advance of that status conference, the Court required the parties to submit a proposed amended calendar order and to confer in an effort to make it a joint submission.  (*See* Jan. 24, 2018 Notation Order).  The parties did confer by both telephone and email and did exchange proposed scheduling orders.  During those written and telephonic communications, Plaintiff's counsel never suggested any re-opening of the primary expert deadline.  As the result of the

parties' discussions, they submitted a proposed calendar order to the Court that communicated the parties' agreement as to most deadlines and identified certain limited areas of disagreement. (*See* J. Landen Feb. 2, 2018 email to chambers). The proposed calendar order did not provide for supplemental primary expert reports and proposed an agreed rebuttal expert deadline of March 16, 2018. (*Id.*).

At the February 6 status conference, the parties discussed many issues, including scheduling matters and the proposed rebuttal expert deadline of March 16, 2018. Counsel for Plaintiff said nothing about "supplementing" primary expert reports. The March 16 rebuttal expert deadline to which Additional Defendants agreed was premised on responding to the reports that had been served by the primary expert deadline of November 30. Following the status conference, the Court entered an Amended Calendar Order. (Doc. #105 Feb. 7, 2018 Amended Calendar Order). It did not provide for any re-opening or supplementation of primary expert reports and set a deadline, as proposed and agreed by the parties, of March 16, 2018 for designation of rebuttal experts. (*Id.*).

Contrary to the Amended Calendar Order and with no prior communication from counsel, Plaintiff served "supplemental" primary expert reports on February 28 and March 1, 2018. As noted above, the February 28 "supplemental" Hesch report contained purported opinions and calculations on a new subject that was not contained in his prior reports. Additional Defendants contend that Plaintiff's "supplemental" expert reports are untimely and improper. To the extent that Plaintiff believes new primary expert reports were appropriate, Plaintiff should have sought leave to serve them after the deadline, particularly given the recent and extensive discussions leading up to the Amended Calendar Order.

II.     <u>**Law & Argument.**</u>

      A.     **Plaintiff's supplemental primary expert reports are untimely and should be stricken.**

The Court set a deadline of November 30, 2017 for primary expert disclosures.  That deadline was never changed or modified.  Plaintiff never proposed modifying it in any of:  the February 6 status conference; the proposed calendar order submitted in advance of the status conference; the discussions and emails exchanges between counsel in advance of the status conference; or any communication following the status conference.  Instead, Plaintiff just served new primary expert reports out of the blue after the Court set an Amended Calendar Order.  This is improper.

The Federal Rules of Civil Procedure provide that untimely expert disclosures and opinions should be excluded.  *See* Fed. R. Civ. P. 26(a)(2)(D) (party must make expert disclosures "at the times and in the sequence that the court orders"); Fed. R. Civ. P. 37 (if a party provides untimely disclosures under Rule 26(a), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless").  Accordingly, courts in the Sixth Circuit regularly exclude untimely supplemental expert reports and opinions.  *See, e.g.*, *Matilla v. S. Ky. Rural Elec. Coop. Corp.*, 240 Fed. Appx. 35, 43 (6th Cir. 2007) (upholding exclusion of supplemental expert opinion and collecting authority for appropriateness of that result) (citing and quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 325 (5th Cir. 1998)( "[t]he purpose of supplementary disclosures is just that--to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline."));

*Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 680-81 (6th Cir. 2011) (upholding exclusion of supplemental expert report attempting to introduce a new opinion).

Calling a new report or opinion a "supplement" does not change this result. Rule 26(e) does not provide for "supplementing" expert disclosures with new opinions or reports. Rather, it is limited to supplementing the "information included in the report" or "information given during the expert's deposition." *See* Fed. R. Civ. P. 26(e)(2); *see also Matilla*, 240 Fed. Appx. at 43 (citing and quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 325 (5th Cir. 1998) for the proposition that supplemental disclosures do not extend expert disclosure or report production deadlines).

The burden is on Plaintiff to demonstrate that the untimely expert reports should not be disallowed. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc*., 325 F.3d 776, 782 (6th Cir. 2003) (noting that "Rule 37(c)(1) requires absolute compliance with Rule 26(a)" and that the "burden [is] on the potentially sanctioned party to prove harmlessness") (citing *Salgado v. General Motors Corp*., 150 F.3d 735, 742 (7th Cir. 1998) ("the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless")). In this case, Plaintiff is unable to do so. Following extensive discussion between the parties and submission of a proposed calendar order, the Court set an Amended Calendar Order. Plaintiff agreed to the deadline of March 16, 2018 for rebuttal expert reports. After agreeing to that deadline and after entry of the Amended Calendar Order, Plaintiff unilaterally served new primary expert reports (in the case of Mr. Hesch, with completely new opinions) months after the deadline for doing so. This is neither harmless nor justified.

Plaintiff will inevitably argue that Mr. Hesch's "supplemental" report is appropriate based on documents around or shortly before the February 6 status conference, including certain

emails from a former CFO.  But Mr. Hesch's calculations regarding management fees are based on figures he obtained from a deposition of Louis Rouse, which took place in September 2017 and which Mr. Hesch acknowledges he received before the November 30 primary expert deadline.  (March 7, 2018 Deposition of Robert Hesch ["Hesch Dep."] p. 117:23-118:3; 238:21-241:8; 253:8-255:3).  Mr. Hesch's "supplemental" report also exceeds the scope of any recently produced materials.  It includes, for example, a new proposed valuation that is unrelated to any recently produced documents.  Moreover, Plaintiff's other untimely "supplemental" expert report – by Michael Costello – has no relation to any recent production.

If Plaintiff was contemplating offering new primary expert reports, counsel should have disclosed that at the February 6 status conference or in the discussions and communications between the parties that preceded it.  At a minimum, Plaintiff should have sought leave to serve new primary expert material contrary to the terms of the Amended Calendar Order, including the expert discovery deadlines to which the parties agreed.  Because Plaintiff did none of these things, the "supplemental" expert reports should be stricken pursuant to the authority discussed above.[1]

---

[1] This motion to strike is limited to the issue of untimeliness under applicable scheduling orders and Rules 37(c) and 26(a).  Additional Defendants anticipate filing motions under Fed. R. Evid. 702 and *Daubert* to exclude expert testimony offered by Plaintiff on other grounds.  In Mr. Hesch's case, this will include that he admitted he has no experience or knowledge allowing him to testify about appropriate management fees for automobile dealerships.  (*See, e.g.*, Hesch Dep. p. 237:8-238:20 – establishing that Mr. Hesch was being held out as a valuation expert and not an expert in the "operation or management" of automobile dealerships; *id.* p. 241:11-17 "Q. . . .You are not offering any opinion as to the value of management services that were actually provided to Columbia Automotive in any particular year, correct? A.  No. [question and answer followed by objection]"; *id.* p.  259:5-8 – "Q.  Okay.  You don't know that four percent is an appropriate number for management fees paid by S corps, correct? A.  I have no idea."

**B.      Additional Defendants' rebuttal expert deadline should be extended.**

While this motion to strike is pending, Additional Defendants request an extension of the deadline to designate rebuttal experts to and including April 13, 2018.[2]  If the Hesch opinion regarding management fees is permitted, Additional Defendants intend to offer rebuttal expert testimony on that subject.  Additional Defendants sought, diligently and in good faith, to retain an expert and serve a rebuttal report in the approximately two weeks between disclosure of Mr. Hesch's new report/opinion and the March 16 rebuttal expert deadline.  Practically, they were not able to do so because of the short timeframe and competing demands (including the deposition of Additional Defendants' primary expert on March 2, Mr. Hesch's deposition on March 7, and recent deadlines associated with the mediation in this matter).[3]

In addition to these grounds, the requested extension is appropriate because Plaintiff is not making Michael Costello – another expert with an untimely "supplemental" report -- available for deposition until April 3.  This date is *after* the current rebuttal expert deadline.

The motion for the requested extension of the rebuttal expert deadline is timely under Rule 6(b) of the Federal Rules of Civil Procedure and is not interposed for any improper purpose.  Good cause exists for the requested extension and Additional Defendants will be prejudiced without an extension.

---

[2] This date is after the overall expert discovery deadline.  Additional Defendants will make attempt to disclose any rebuttal report earlier, if possible, and will make any rebuttal expert available for deposition by agreement notwithstanding the overall expert discovery deadline.

[3] If not for these intervening demands, Additional Defendants also would have filed this motion sooner.

III.    **Conclusion.**

For all of the reasons discussed above, and based on the Amended Calendar Order and the original Calendar Order, Additional Defendants respectfully request entry of an order: 1) striking "supplemental" expert reports that were produced by Plaintiff in February and March of 2018, months after the applicable primary expert disclosure deadline; and 2) extending Additional Defendants' deadline to disclose rebuttal experts and reports until and including April 13, 2018.  If the Court strikes the untimely primary expert reports, the extension of the rebuttal expert deadline will be moot.

Respectfully submitted,

s/Scott A. Kane
Scott A. Kane (0068839)
Colter Paulson (0081903)
SQUIRE PATTON BOGGS (US) LLP
221 East Fourth Street, Suite 2900
Cincinnati, Ohio 45202
Phone: (513) 361-1240
Fax:  (513) 361-1201
scott.kane@squirepb.com
colter.paulson@squirepb.com

*Attorneys for Additional Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2018 a true and correct copy of the foregoing motion and memorandum in support was filed through the Court's ECF system, which transmitted a copy to all counsel of record.

s/ Scott A. Kane