**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MARIE JOSEPH | : |
| | : Case No.: 1:16-cv-00465-TSB |
| Plaintiff, | : |
| | : Judge: Timothy S. Black |
| vs. | : |
| | : **ADDITIONAL DEFENDANTS'** |
| RONALD JOSEPH, *et al.*, | : **MEMORANDUM IN OPPOSITION** |
| | : **TO PLAINTIFF'S MOTION TO ALTER,** |
| Defendants. | : **AMEND OR VACATE** |

**I.     Introduction.**

Plaintiff's Motion to Alter, Amend or Vacate [Doc. 121] ("Mot. to Vacate") demands that the Court vacate or modify its orders granting partial summary judgment based on purported "inconsistencies" with the Court's prior orders, insistence that the orders "need to be clarified," and Plaintiff's conclusory assertion that the Court "inaccurately conflate[d]" concepts in Plaintiff's opposition to partial summary judgment. (Mot. to Vacate, PageID 8750).  The Court's orders granting partial summary judgment are appropriate and perfectly clear.  Nothing about them needs to be modified or clarified.

In effect, Plaintiff's Motion to Vacate is an attempt to re-argue legal issues – primarily related to the statute of limitations and alleged "fraud" – that have been fully-briefed, carefully considered by the Court, and ruled upon in reasoned decisions that explain the legal basis for the rulings.  There is no need to alter those decisions and no grounds to vacate them.  For example, Plaintiff still never acknowledges the applicable Ohio law supporting the decisions on partial summary judgment.  The sum of the legal authority in the 20-page Motion to Vacate is a single citation to a Sixth Circuit case for the proposition that district courts have inherent authority to revisit their prior orders before final judgment.  Likewise, the recitation of "facts" purportedly

supporting the Motion to Vacate is the same list of conclusory (and incomplete) accusations and name-calling that Plaintiff has presented to the Court many times before. Saying the word "fraud" over and over again does not make it either true or actionable. And it certainly does not provide a basis for re-opening issues that were fully-briefed (both in motions for summary judgment and competing Rule 56(d) motions), thoroughly considered, and ruled on in reasoned decisions identifying and applying controlling law.

For these and the other reasons discussed below, Defendants Gregory G. Joseph, George R. Joseph, Richard S. Joseph, and Ronald Joseph Jr. ("Additional Defendants") respectfully request that the Motion to Vacate be denied in its entirety.[1]

## II. Law & Argument.

Additional Defendants do not dispute that the Court has authority to reconsider the orders granting partial summary judgment. District courts have authority under both common law and Rule 54(b) to reconsider interlocutory orders and to reopen parts of a case prior to final judgment. *Antioch Litig. Trust v. McDermott Will & Emery LLP*, 500 B.R. 755, 757 (S.D. Ohio 2013) (Black, J.) (citing *Rodriguez v. Tennessee Laborers Health & Welfare Fund,* 89 Fed. Appx. 949, 959 (6th Cir. 2004)). The issue is not whether the Court can do so, it is whether it *should* do so. "Courts will find jurisdiction for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citing and quoting *Louisville/Jefferson County Metro. Gov't v. Hotels.com,* 590 F.3d 381, 389 (6th Cir. 2009)) (internal quotes omitted). No such grounds are present in this case. Instead, Plaintiff is seeking to re-argue a prior decision

---

[1] The Motion to Vacate pertains to orders granting partial summary judgment to Defendant Ron Joseph, Sr. (Doc. 99) and to Additional Defendants (Doc. 100). While Additional Defendants believe both were correctly decided, the scope of this opposition is limited to issues directly pertaining to Additional Defendants.

that she perceives as unfavorable. "[W]here a party is simply seeking a second bite of the apple in bringing [a] motion to amend [and] makes the same argument as it did at the summary judgment stage[,] and fails to set forth any meritorious errors of law, the party's Motion to Alter or Amend Judgment should be denied." *Hyperlogistics Group, Inc. v. Kraton Polymers United States LLC*, 2006 U.S. Dist. LEXIS 87619, *14 (S.D. Ohio Dec. 4, 2006) (citation omitted).[2] The Court should deny Plaintiff's groundless Motion to Vacate.

### A. There is no "Inconsistency" with Prior Orders of the Court.

The Motion to Vacate repeatedly refers to the Court's order granting leave to amend the Complaint and argues that it is "inconsistent" with later rulings on summary judgment. (Mot. to Vacate PageID 8750, 8752). No such inconsistency exists. The Court's order on the motion to amend determined that paragraphs 112-127, and 272-287 were sufficient at the pleading stage to permit an amended complaint alleging that Defendant Ron Joseph, Sr. engaged in purportedly improper "transactions" to move dealerships and businesses outside of Columbia. (*See* Doc. 25, PageID 206). These paragraphs all relate to supposed fraud from opening businesses outside Columbia and alleged statements to Plaintiff concerning the same subject. (*See* Am. Compl., ¶¶112-127, 272-287). The Court's orders on partial summary judgment held that this claim was barred by the applicable statute of limitations, including because Plaintiff was on notice regarding the purported basis for this claim from deposition testimony in her presence in 2009. (*See* Doc. 99, PageID 6206-6209; Doc. 100, PageID 6221-6223).

The Court's orders on partial summary judgment did not hold that this particular fraud claim failed to satisfy Rule 9(b) and they are not "inconsistent" with the prior ruling. Rather, the orders on partial summary judgment held that the amended complaint did not plead a cognizable

---

[2] *Hyperlogistics Group, Inc.* analyzed an order granting partial summary judgment under Rule 59(e) (as opposed to under Rule 54(b)), but the court applied an identical test to that cited in *Antioch*.

fraud claim *beyond* the time-barred fraud claim.  (*See* Doc. 99 PageID 6207-6210).  With respect to Additional Defendants, the Court correctly noted that Plaintiff did not even allege the elements of fraud against them.  (*See* Doc. 100, PageID 6223) ("The Amended Complaint does not allege that Ron's Sons made any false representation to Plaintiff, that Ron's Sons took any action with the intent of misleading Marie, that Marie justifiably relied on any representation or concealment by Ron's Sons, or that Marie suffered any injury as a result of any intentional fraudulent conduct by Ron's Sons.").  After exhaustive discovery, Plaintiff still cannot point to any specific fact supporting a fraud claim against Additional Defendants and cannot identify any act of justifiable reliance by Plaintiff related to such a claim.  Plaintiff's implication that she did not plead such facts in her Amended Complaint because of supposed reliance on the Court's prior order is illogical and unbelievable when she cannot identify any such fact ***now***.

Nothing in the Court's orders on partial summary judgment depended solely on Rule 9(b).  The Court identified numerous reasons that Plaintiff's purported fraud claims fail as a matter of law.  Plaintiff's hyper-technical arguments about an imagined "inconsistency" with prior orders would not change the rulings on partial summary judgment.  Nothing in the Motion to Vacate justifies re-opening those decisions now.  Finally, even if Plaintiff's premise were correct, the Court's later order at the summary judgment phase with the benefit of the parties' briefing and arguments after extensive discovery would control over the preliminary ruling at the motion to amend phase.

### B. The Court Correctly Applied Ohio Law Concerning the Statute of Limitations.

The Motion to Vacate argues that the Court "inaccurately conflated" Plaintiff's allegations regarding corporate opportunities with her allegations regarding purported "undisclosed self-dealing transactions."  (Mot. to Vacate, PageID 8750).  Based on this

argument, Plaintiff concludes that "alleged knowledge of misappropriation of corporate opportunities did not **trigger the discovery rule** on unauthorized and undisclosed self-dealing transactions."[3] (*Id.* at PageID 8756). What Plaintiff cannot seem to apprehend, despite extensive legal argument and the authority detailed in the Court's orders on partial summary judgment, is that the discovery rule does not apply to such claims in the first instance.

Under Ohio law, even concealment (*i.e.*, surpassing mere non-disclosure) does not support application of the discovery rule to claims for breach of fiduciary duty. Additional Defendants have made this point in prior briefing (*see, e.g.,* Doc. 59, PageID 1851-1853; Doc. 79, PageID 5605-5606), and the Court's order on partial summary judgment made its holding on this issue unmistakably clear: "Facts showing mere concealment – **even intentional concealment** – are insufficient to toll the statute of limitations." (Doc. 100, PageID 6222-6223) (emphasis in original, internal quotes omitted). *See also Bell v. Bell*, 1997 U.S. App. LEXIS 34647, *22-23 (6th Cir. Dec. 3, 1997) (concealment not sufficient to apply the discovery rule to fiduciary duty claims in the close corporation context).

Like Plaintiff's other filings, the Motion to Vacate ignores this legal authority. Instead, Plaintiff persists in the unsupported contention that superficial allegations of "concealment" and "undisclosed" transactions somehow establish her attempted claim for "fraudulent breach" of fiduciary duty. (*E.g.*, Mot. to Vacate, PageID 8756-8758). Ohio law, Sixth Circuit precedent, and the Court's orders on partial summary judgment all establish otherwise. Nothing in the Motion to Vacate provides any basis for vacating or re-opening the Court's decisions on partial

---

[3] The quoted language is from argument heading IV in the Motion to Vacate (PageID 8756) and the capitalization and bolding is different from the original. The three words in this quote are bolded for emphasis here. All the words are bolded in the argument section.

summary judgment, which correctly applied Ohio law and controlling Sixth Circuit precedent concerning the statute of limitations.

In any event, even if the discovery rule applied to Plaintiff's claims for breach of fiduciary duty, it would have been triggered in 2009. Marie argued in Probate Court litigation in 2009 that Defendant Ron Sr. was mishandling funds regarding Columbia and "may be breaching his fiduciary duty." (Doc. 100, PageID 6218; Doc. 46-1 at ¶ 27). The discovery rule is triggered when a reasonable person would be alerted to the possibility of a claim. (*See* Doc. 100, PageID 6225-6226). Given that Plaintiff suggested that very possibility herself in prior litigation filings, there can be no doubt whether she had sufficient notice. "Even if the discovery rule applied to Marie's claims against Ron's Sons—and it does not—it would not change the conclusion that her claim for breach of fiduciary duties is time-barred to the extent it is premised on acts or omissions that occurred prior to [January 10, 2013]." (Doc. 100, PageID 6227).

### C. Nothing in the Court's Orders Requires Clarification.

Plaintiff's demand that the Court "clarify" its prior orders is a desperate search for ambiguity where none exists. The Court's prior order was clear as to the effect on claims against Additional Defendants: their motion for summary judgment was granted as to 1) the claim for breach of fiduciary duty to the extent it is premised on acts or omissions prior to January 10, 2013; 2) claims for misappropriation of corporate opportunities to the extent the alleged opportunities were prior to, or after, Additional Defendants' terms as directors and officers of Columbia; and 3) the entirety of the faithless servant claim. (Doc. 100, PageID 6232). Additional Defendants' motion for summary judgment was denied as to their argument that they

owe no fiduciary duties of any kind as minority shareholders (*id.* at PageID 6227-6228) and that holding likewise does not require "clarification."[4]

### D. No Amount of Purportedly "New" Evidence Can Save Plaintiff's Time-Barred Claims.

Plaintiff's final tactic is to contend that this Court's prior orders were "premised on the incomplete evidentiary record that existed when the Defendants prematurely filed their respective motions for summary judgment." (Mot. to Vacate, PageID 8757) (format changed). This is a regurgitation of Plaintiff's prior Rule 56(d) motion that the Court already ruled on. The Motion to Vacate does not provide any justification for revisiting the Court's prior rulings.

Instead, Plaintiff resorts to her tiresome strategy of name-calling ("phony," "schemes," "fraudulent," etc.) and recitation of Plaintiff's self-serving theories of the case. (*Id.* at PageID 8758-8763). None of this has anything to do with the legal issues decided in the Court's rulings on motions for partial summary judgment, including the statute of limitations and Plaintiff's claims for breach of fiduciary duty: "A claim for breach of fiduciary duty accrues when the act or omission constituting the breach actually occurs, rather than when the breach is discovered." (Doc. 100, PageID 6221). In the very motion demanding that the Court vacate its prior decision on this issue, Plaintiff does not even pretend to address the undisputed legal basis for the Court's decision. Plaintiff's self-serving characterizations of wrongdoing are unfounded.[5] Even if that were not the case, they are irrelevant to controlling Ohio law and the Court's prior orders

---

[4] Additional Defendants do address this issue in their current motion for summary judgment, and reserve their rights accordingly, but that issue has nothing to do with whether the Court's holding was clear.

[5] (*See, e.g.,* Doc. 119 Defendant Ron Joseph, Sr.'s motion for summary judgment - detailing repayment of loans with interest and other information omitted from Plaintiff's accusations). Plaintiff's strategy seems to be that if she repeats accusations of misconduct enough times, with enough inflammatory adjectives and adverbs, that repetition will lend substance to her allegations. Those accusations and allegations are irrelevant to the Motion to Vacate and are addressed in other filings in this case.

applying it regarding the statute of limitations and other legal issues.  (*See id.*).  Accordingly, the Motion to Vacate should be denied.

## III. Conclusion.

For these reasons, Plaintiff's Motion to Vacate should be denied in its entirety.

Respectfully submitted,

s/ Scott A. Kane
Scott A. Kane (0068839)
Colter Paulson (0081903)
SQUIRE PATTON BOGGS (US) LLP
201 East Fourth Street, Suite 1900
Cincinnati, Ohio 45202
Phone: (513) 361-1240
Fax:  (513) 361-1201
scott.kane@squirepb.com
colter.paulson@squirepb.com

*Attorneys for Additional Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2018 a true and correct copy of the foregoing was filed with the Court's ECF system, which transmitted a copy to all counsel of record.

s/ Scott A. Kane