UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARIE JOSEPH, | ) | Case No.: 1:16-CV-00465-TSB |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **DEFENDANT RONALD JOSEPH'S** |
| | ) | **MEMORANDUM IN OPPOSITION** |
| RONALD JOSEPH, *et al.*, | ) | **TO PLAINTIFF'S MOTION TO** |
| | ) | **ALTER, AMEND OR VACATE** |
| Defendants. | ) | |

**I.      INTRODUCTION**

Plaintiff Marie Joseph ("Plaintiff" or "Marie") moves this Court to alter, amend or vacate its two January 19, 2017 Orders (the "Orders"), which granted Defendant Ronald Joseph's ("Ron") motion for partial summary judgment (Doc. 99) and granted in part and denied in part the Additional Defendants' motion for summary judgment (Doc. 100).

In her Motion, Marie advances five arguments (designated as Parts I through V in her brief) in support of the various modifications that she seeks with respect to the Orders. Only Parts I, II, IV and V, however, are applicable to Ron.[1]

Marie "requests that the Court exercise its inherent power to alter, amend or vacate its Orders" (Doc. 121 at Page ID # 8750) but fails to cite the civil rule under which she seeks this relief. Although she styles her Motion as a request to alter, amend, or vacate a judgment,

---

[1] In Part III, Marie asks the Court to amend the Orders to clarify that the Court's dismissal of Count Five of Marie's Amended Complaint did not eliminate her claims against the Additional Defendants for "regular" breaches of fiduciary duty within the statute of limitations, even if she is barred from asserting that those breaches are "fraudulent." Although Ron disagrees with Marie's mischaracterizations of the Court's Orders and the scope of her claims as pled in the Amended Complaint, Part III of Marie's Motion is substantively directed toward the Additional Defendants insofar as the clarification that Marie seeks concerns only her claims against the Additional Defendants. Ron incorporates by reference herein the arguments submitted by the Additional Defendants in response to Part III in their Memorandum in Opposition to Marie's Motion.

1

presumably invoking Fed. R. Civ. P 59(e), this rule only applies to final entries of judgment.[2] Therefore, Ron treats Marie's Motion as simply a motion for reconsideration.

"Motions for reconsideration are *extraordinary in nature* and, because they run contrary to the notions of finality, should be discouraged." *Blair*, 2008 WL 4372665, at *4 (emphasis added). District courts reconsider interlocutory orders "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id*. (citing *Harrington v. Ohio Wesleyan Univ.*, No. 2:05-cv-249, 2008 WL 163614, at *2 (S.D. Ohio Jan. 16, 2008).

As explained below, Marie has failed to satisfy the high standard required for the "extraordinary" relief she seeks. In essence, her Motion seeks to relitigate the two dismissed fraud claims (Counts Four and Five of the Amended Complaint) based on the ***exact same*** arguments that she made before and that this Court explicitly rejected in its Orders. Although Marie tries to frame her arguments differently each time, they all essentially say the same thing—i.e. that the fraud claims should not have been dismissed. While they purport to advance some new, novel theory, in reality, they reiterate the same arguments this Court previously considered and rejected.

## II.  ARGUMENT

### A.  Marie's Motion to Alter, Amend or Vacate is actually a Motion for Reconsideration.

Marie styles her motion as one to alter or amend a judgment, which is governed by Rule 59(e). However, the Orders that Marie requests that the Court revisit—Doc. 99 and Doc. 100—

---

[2] Fed R. Civ. P 59(e) does not apply to entries of partial summary judgment. *Leelanau Wine Cellars Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945-46 (6th Cir. 2004) (holding that a District Court's grant of partial summary judgment does not count as an entry of judgment under Rule 54(b) and thus does not trigger Rule 59(e)'s timing provision); *see also Blair v. Bd. of Trs. of Sugarcreek Twp.*, No. 3:07-cv-056, 2008 WL 4372665, at *2 (S.D. Ohio Sept. 22, 2008) ("The Federal Rules of Civil Procedure provide for motions to reconsider judgments but they do not specifically provide for motions to reconsider interlocutory orders. . . [S]ince the order that [movant] wishes the Court to reconsider . . . entails a partial grant of summary judgment . . . it is an interlocutory order. As a result, there is no procedural basis for its consideration and Rule 59(e), for example, does not apply.").

are both interlocutory rulings that adjudicated some, but not all, of Marie's claims. There is no procedural basis for review of an interlocutory Order under Rule 59(e). *Blair*, 2008 WL 4372665, at *2. While "District Courts have authority under both common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment," *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004), as this Court has recognized, "motions for reconsideration are disfavored." *Info-Hold, Inc. v. Muzak Holdings LLC*, No. 1:11-cv-283, 2012 WL 5419347, at *1 (S.D. Ohio Nov. 6, 2012) (Black, J.) (denying motion for reconsideration) (internal quotations omitted).

"Motions for reconsideration are extraordinary in nature and, because they run contrary to notions of finality, should be discouraged." *Blair*, 2008 WL 4372665, at *4. "Because of the interest in finality . . . courts should grant motions for reconsideration sparingly." *Mobley v. Warden London Corr. Inst.*, No. 2:09-cv-638, 2010 WL 3586964, at *2 (quoting *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). Courts should consider "whether it is 'consonant with justice' to grant the requested relief, and will grant relief only if the prior decision appears clearly to be legally or factually erroneous." *Mobley*, 2010 WL 3586964, at *2 (quoting *U.S. v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1975)).

"A movant has no right to reconsideration of an interlocutory order simply because the movant makes the motion in good faith." *Rodriguez*, 89 F. App'x at 959 n.7. "Thus, 'courts will [only] find jurisdiction for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Info-Hold*, 2012 WL 5419347, at *1 (quoting *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009); *see also Harrington*,

3

2008 WL 163614, at *2 (denying the plaintiff's motion for reconsideration) and *Blair*, 2008 WL 4372665, at *4 (same).[3]

Here, Marie does not viably articulate any of the grounds set forth by the Sixth Circuit for reconsidering an interlocutory order.

> **B.  Marie has failed to establish reconsideration is necessary to correct a clear error or prevent manifest injustice.**
>
>> 1.  <u>The Court's Orders are not inconsistent with the Court's prior Order granting Marie leave to amend her Complaint.</u>

Marie suggests that in one of the Orders (Doc. 99), the Court granted summary judgment on Counts Four and Five "*in their entirety* on the basis that Plaintiff did *not* plead fraud with sufficient particularity in the Amended Complaint." (Motion at 4) (emphasis in original). According to Marie, this was inconsistent with the Court's prior Order granting Marie leave to amend her Complaint (Doc. 25), wherein the Court found that "the description of the unauthorized and undisclosed self-dealing transactions . . . are described with sufficient particularity to meet Rule 9(b)." Thus, Marie asks the Court to vacate or amend the summary judgment Orders to make them consistent with the Court's prior ruling.

This argument mischaracterizes the Court's Order by taking the Court's discussion of Rule 9(b) out of context. Contrary to Marie's assertion, the Order did not dismiss Counts Four and Five on the basis that Marie failed to plead fraud with sufficiently particularity. Rather, the Court correctly held that, based on the pleading standard of Rule 9(b), the only evidence that Marie presents "that is arguably sufficient to state a claim for fraud—that is, the only conduct Marie

---

[3] These requirements are nearly identical to the ones used by the Sixth Circuit to evaluate whether to grant motions to alter or amend under Fed. R. Civ. P. 59(e). Courts in those instances consider if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

4

alleges was <u>intentionally misleading</u> and upon which she <u>reasonably relied</u> to her <u>detriment</u>—are Ron, Sr.'s statements regarding Columbia's ownership of family business assets in Paragraphs 124 and 283." (Doc. 99 at PageID 6211) (emphasis in original). As this Court further held, those fraud claims are barred by the statute of limitations for fraud claims. (*Id*.).

This ruling is not at all inconsistent with the Court's prior Order granting Marie leave to amend her Complaint. Although the Court may have found that Marie described a fraud claim with sufficient particularity to avoid dismissal at the motion for leave to amend stage, it had the benefit of evaluating the full extent of that claim in light of the evidence presented at the motion for summary judgment phase. Upon examination of that evidence, including Marie's own testimony and discovery responses, the Court correctly determined that Marie's only basis for a fraud claim is the alleged statements by Ron about the ownership of Columbia, which the Court properly dismissed as untimely. (*Id.*).

Marie had every opportunity to present evidence in support of her fraud claim premised on the alleged "self-dealing transactions" but was not able to. As this Court even noted, the only "evidence of fraud presented by Marie in her opposition to Ron, Sr.'s motion for summary judgment is that she was 'led to believe that all of the dealerships of the Joseph Auto Group were under common ownership.'" (*Id.*). As much as Marie would like to distort her allegations of "self-dealing transactions" into a claim for fraud, the Court correctly determined that such a claim has no legal basis.

Marie may disagree with the Court's conclusion, but that does not give her a basis for relief under Sixth Circuit case law. *See Nesselrode v. U.S. Sec'y Of Educ. Agency*, No. 2:16-cv-918, 2017 WL 6767255, at *1 (S.D. Ohio Oct. 27, 2017) ("When a motion for reconsideration raises only a disagreement by a party with a decision of the court, that dispute should be dealt with in the

normal appellate process, not on a motion for reargument.") (internal quotations omitted).[4] Such a motion "should not provide the parties with an opportunity for a second bite at the apple." *Id*. That is precisely what Marie is attempting to do in her Motion.

> 2. <u>The Court properly dismissed Marie's claims for fraud and fraudulent breach of fiduciary duty in their entirety, including claims premised on conduct that occurred after April 12, 2012.</u>

Marie next argues that claims for fraud premised on conduct that occurred *after* the April 12, 2012 look-back date should not have been dismissed because they are "clearly" within the statute of limitations. (Motion at 6).

As the Court explained in its Order, the only conduct that could conceivably form the basis of a fraud claim in this case are those alleged statements by Ron regarding Columbia's assets. (Doc. 99, PageID # 6210-6211). Marie knew those alleged statements were contradicted by Ron's own testimony by 2009 at the latest. As a result, they were properly dismissed as being time-barred. (*Id*.). Thus, the Court's dismissal of Counts Four and Five in their entirety did not eliminate potentially viable claims for fraud premised on conduct after April 12, 2012, because there was no conduct that occurred after April 12, 2012 that would support a cognizable claim for fraud under Ohio law.

Moreover, Marie is incorrect that the Court did not address the distinction between pre-2012 claims and post-2012 claims. The Court specifically addressed this argument in its Order and rejected it.

> Second, Marie argues that the fraud-based claims should not be dismissed in their <u>entirety</u>. Marie argues, at a minimum, *she should be able to pursue her fraud claims as to conduct that occurred between April 12, 2012*, and the present (the statutory limitations period), or, conversely, after Ron, Sr.'s testimony on May 13, 2009.

---

[4] Although *Nesselrode* evaluates a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), the criteria against which that motion is evaluated are nearly identical to the test for motions to reconsider interlocutory orders. *See Louisville/Jefferson Cnty. Metro Gov't*, 590 F.3d at 389.

(Doc. 99, Page ID # 6209) (emphasis added and in original).

This describes almost verbatim the same argument that Marie is making now. The Court thoroughly examined the argument and concluded that it fails as a matter of law, because "the only <u>fraud</u> alleged in the Amended Complaint is that Ron, Sr. intentionally misrepresented Columbia's assets." (Doc. 99, Page ID # 6210) (emphasis in original).

Marie may not agree with the Court's conclusion, but the argument was nevertheless fully considered and rejected. "It is not the function of a motion to reconsider . . . to renew arguments already considered and rejected by a court." *Spaude v. Mysyk*, No. 1:16-cv-01836, 2018 WL 1158627, at *2 (N.D. Ohio Feb. 2, 2018). *See also Blair*, 2008 WL 4372665, at *4 ("[M]otions for reconsideration of interlocutory orders are not intended to be used to relitigate issues previously considered.") (citing *Harrington*, 2008 WL 163614, at *2). Accordingly, Marie's argument in Part II does not entitle her to relief.

> 3. <u>The Court correctly determined that the discovery rule does not apply to Marie's claims premised on the alleged "self-dealing transactions."</u>

Marie then argues that the Orders implicitly (and improperly) equate Marie's knowledge of Ron's ownership of other companies and (ii) Marie's knowledge of the purported "self-dealing transactions." She contends that her discovery in 2009 of Ron's ownership of other companies did not trigger application of the discovery rule to her claims premised on the alleged "self-dealing transactions." Thus, she asks the Court to vacate the Orders to the extent that they bar her claims premised on alleged "self-dealing transactions" that occurred before April 12, 2012.

As the Court noted in its prior rulings, the discovery rule does not apply to claims for breaches of fiduciary duty, unless the claim is based in fraud. (Doc. 99, PageID # 6206) (citing *Bell v. Bell*, No. 96-3655, 1997 U.S. App. LEXIS 34647, at *22 (6th Cir. Dec. 3, 1997)). The Court's Orders make it abundantly clear, however, that the alleged "self-dealing transactions"

7

cannot and do not form the basis of any fraud claim in this case. Marie has failed to provide any justification for why that conclusion constitutes a "clear error" or "manifest injustice" for which the extraordinary remedy of reconsideration would be warranted under Sixth Circuit precedent.

Moreover, contrary to Marie's mischaracterizations, the Orders do not "implicitly equate" Marie's knowledge of Ron's ownership of other companies with her knowledge of the alleged "self-dealing transactions." The Court explicitly considered this argument and rejected it:

> Marie argues that Ron, Sr.'s deposition testimony was not sufficient to give Marie notice of <u>other</u>, various types of wrongdoing *that is "not limited to the allegations about Ron's claimed ownership of other business entities."* (Response at 6). Marie argues the Amended Complaint also asserts that Ron, Sr. and Ron's Sons have "caused funds to be paid by Columbia and Columbia's subsidiaries to business entities owned by Ron's Sons," have "caused other revenue streams to be created from Columbia or Columbia's subsidiaries to business entities owned by Ron or Ron's Sons," and that "there is no indication that any of these so-called 'related-party' transactions that Ron or Ron's Sons caused Columbia and its subsidiaries to implement were properly authorized or approved." (*Id.*).

(Doc. 99, Page ID # 6210) (emphasis added and in original). The Court went on to hold that the argument "fails as a matter of law because, *again, the **only** <u>fraud</u> alleged in the Amended Complaint is that Ron, Sr. intentionally misrepresented Columbia's assets*." (*Id.*) (emphasis added and in original). The Court even noted that the "fraudulent conduct" and "fraudulent schemes" that Marie indiscreetly alleged in conclusory fashion throughout the Amended Complaint "are simply insufficient to invoke the discovery rule in the absence of properly pled fraud claims." (Doc. 99, Page ID # 6211).

The Court squarely addressed the very argument that Marie is now making (again), applied sound legal reasoning, and rejected it. *See Blair*, 2008 WL 4372665, at *4 ("[M]otions for reconsideration of interlocutory orders are not intended to be used to relitigate issues previously considered.") (citing *Harrington*, 2008 WL 163614, at *2). Rather than presenting compelling legal justifications, Marie simply reiterates the exact same argument as before and accuses the

8

Court of getting it wrong. In *Nesselrode*, 2017 WL 6767255, at *3, the Southern District of Ohio explained:

> Although Plaintiff attempts to frame his assertions in legal reasoning, *he is actually arguing that the Court simply came to the wrong conclusion*. His arguments are either based on his disagreement with *how this Court construed the law* or based on new allegations or legal arguments that do not arise from a change in controlling law. *Plaintiff has not established any legal errors that would warrant reconsideration* or shown that denial of this motion will result in manifest injustice.

(Emphasis added). Marie's arguments fail for the same reasons.

### C. Marie has failed to establish that she has any relevant, newly-discovered evidence.

Marie's final argument is that additional evidence of "fraudulent schemes" was not available at the time of briefing of the motions for summary judgment, which evidence "is very likely to change [the Court's] mind on the merits of some or all of the points that have been decided" in the Orders. (Motion at 10). According to Marie's and her counsel's latest conspiracy theory, evidence consisting of "accountants' documents" and "depositions of the five Defendants" were not available at the time of briefing, which would have purportedly revealed "multiple fraudulent schemes" and "fraudulent transactions" in "a long-standing pattern of wrongfully funneling money out of Columbia." (Motion at 10-12). Marie apparently believes that merely appending the word "fraudulent" to ordinary business transactions properly states a fraud claim.

As this Court has made abundantly clear, allegations that conduct is "fraudulent" or general charges of the "fraudulent schemes" do not and cannot form the basis of a properly pled fraud claim. Marie tried to make this exact same argument in her opposition to the motions for summary judgment, and the Court found that "[t]he Amended Complaint's numerous conclusory allegations of 'fraudulent conduct' and 'fraudulent schemes' are simply insufficient to invoke the discovery rule in the absence of properly pled fraud claims premised on any conduct or representations other

9

than those asserted in Paragraphs 124 and 283, which—as explained *infra*—accrued, at the latest, in 2009." (Doc. 99, Page ID # 6211).

Here, the additional evidence upon which Marie relies—the accountants' documents and depositions of the Defendants, which supposedly reveal a pattern of "fraudulent schemes"—is not the least bit material to the outcome of the summary judgment motions. Marie cites to no new statements or misrepresentations made by Ron in connection with the challenged transactions that were revealed in the depositions or produced in any accountant's documents that would somehow revive her fraud claim.

As this Court noted, notwithstanding the Amended Complaint's use of the word "fraud" 28 times, only the alleged statements by Ron about Columbia's assets can even arguably form the basis of a fraud claim, and those statements were refuted by Ron's deposition testimony in 2009. No amount of additional evidence will change that inescapable fact. The additional evidence of the accountants' documents and depositions of the Defendants, upon which Marie relies, has no bearing whatsoever on the only issue that is relevant to a fraud claim – i.e. the timing of Ron's alleged representations about the assets of Columbia. In other words, none of this claimed additional evidence has anything to do with the legal issues decided in the Court's rulings on the motions for partial summary judgment, including the statute of limitations and Plaintiff's claims for breach of fiduciary duty.

### III. <u>CONCLUSION</u>

Based on the foregoing, Ron respectfully requests that the Court deny Marie's motion to alter, amend or vacate the Court's Orders.

Respectfully submitted,

*/s/ James E. Burke*
James E. Burke (0032731)
Rachael A. Rowe (0066823)
James R. Matthews (0043979)
Keating Muething Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, OH 45202
Tel: (513) 579-6400
Fax: (513) 579-6457
jburke@kmklaw.com
rrowe@kmklaw.com
jmatthews@kmklaw.com

James C. Frooman (0046553)
Ali Razzaghi (0080927)
FROST BROWN TODD LLC
3300 Great American Tower
One East Fourth Street
Cincinnati, OH 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
jfrooman@fbtlaw.com
arazzaghi@fbtlaw.com

*Counsel for Ronald Joseph*

**CERTIFICATE OF SERVICE**

    I certify that on May 25, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

                                        */s/ James E. Burke*
                                        James E. Burke

8441163.1