**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| MARIE JOSEPH, | : | Case No. 1:16-cv-465 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| RONALD JOSEPH, | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT RONALD JOSEPH'S
MOTION FOR SEPARATE TRIAL (Doc. 163)**

This civil case is before the Court on the motion of Defendant Ronald Joseph for a separate trial on Plaintiff Marie Joseph's claims for equitable relief (Doc. 163) as well as the parties' responsive memoranda (Docs. 164, 165).[1]

### I.   INTRODUCTION

At this juncture, Marie has three claims remaining against Ron, Sr.: Count One, for breach of fiduciary duties; Count Two, for access to corporate records; and Count Three, for an accounting.  Ron, Sr. asks the Court to bifurcate Marie's claims for corporate records and an accounting.  Ron, Sr. argues these equitable claims should be considered by the Court separately (if at all), after the jury considers and decides Marie's claim for breach of fiduciary duties, the sole remaining legal claim.

---

[1] As explained in previous orders, Plaintiff and Defendant share the same last name. Accordingly, to avoid confusion, the Court will refer to each party by their first names.

## II. STANDARD

Pursuant to the Federal Rules of Civil Procedure, the Court may order separate trials on separate issues and claims "[f]or convenience, to avoid prejudice, or to expedite and economize[.]"  Fed. R. Civ. P. 42(b).

## III. ANALYSIS

The Court finds good cause exists to bifurcate Marie's legal claim for breach of fiduciary duties from her equitable claims for corporate records and accounting.

First, there is no right to a jury trial for claims seeking purely equitable relief.  *See Leary v. Daeschner*, 349 F.3d 888, 909-910 (6th Cir. 2003) ("[B]ecause Plaintiffs' original complaint involved only claims that were equitable in nature, Plaintiffs were not entitled to a jury trial.") (citations omitted); *see also* 8 Moore's Federal Practice – Civil § 42.22 ("Equitable issues and legal questions may be bifurcated and tried separately from legal issues, without infringing the right to a jury trial . . . .").

Second, and similarly, the jury cannot resolve the equitable claims and/or order equitable relief.  As Marie acknowledges, "the jury itself cannot order anyone to provide access to any documents *or* to provide an accounting[.]"  (Doc. 164 at 2).

Third, Marie does not oppose bifurcating her claim for an accounting, which is a potential equitable remedy, should she prevail on her claim for breach of fiduciary duties.  (Doc. 164 at 2).

Fourth, the Court finds that allowing Marie's corporate records claim to be presented alongside her breach of fiduciary duties claim presents a substantial risk of confusing the jury.  The Ohio corporate records statute allows shareholders to inspect

broad categories of a corporation's documents, including "the articles of the corporation, its regulations, its books and records of account, minutes, and records of shareholders aforesaid, and voting trust agreements, if any, on file with the corporation." Ohio Rev. Code § 1701.37(C).

Marie's requests for inspection seek broad categories of documents that she is entitled to inspect as a shareholder of Columbia. (*See* e.g. Doc. 120-16 at 1-2). These requests are not tailored to Marie's claims in this lawsuit because her right to inspect Columbia's records are not limited by the Federal Rules of Civil Procedure. Accordingly, an evaluation of Marie's claim for corporate records will require a detailed analysis of what documents Marie requested and what documents Columbia provided, even though those documents may not be relevant to the specific transactions at issue in Marie's remaining claim for breach of fiduciary duties. Allowing this type of analysis to occur in front of the jury presents a substantial risk of unduly burdening, and confusing, the jury. *See In re Beverly Hills Fire Litigation*, 695 F.2d 207, 216 (6th Cir. 1982) (explaining that a court considering ordering separate trials must consider, *inter alia*, "potential confusion to the jury, and the relative convenience and economy which would result").

Marie argues that Ron, Sr.'s refusal to allow Marie access to corporate records is itself a breach of a fiduciary duty that should be presented along with her legal claim. This argument is not availing. Marie's pleading and responses to Ron, Sr.'s discovery requests confirm that she is only seeking (and has only sought) <u>equitable</u> relief for Ron, Sr.'s alleged refusal to allow access to corporate records. She has not sought legal

damages on her corporate records claim. (*See* Doc. 1 at ¶¶ 81-88; Doc. 27 at 39, ¶ F; Doc. 119-3 at 4-13).

Finally, Marie argues that bifurcating her claim for corporate records should not limit her ability to present evidence of her requests for corporate records, and Ron, Sr.'s responses, at trial. At this juncture, the Court need not make any specific evidentiary rulings for purposes of resolving Ron, Sr.'s motion for separate trial. The Court finds that good cause exists for bifurcating Marie's equitable claims, including her broad corporate records claim, and further finds that bifurcation will not prevent Marie from being able to effectively present her claim for breach of fiduciary duties.

### IV.    CONCLUSION

For the foregoing reasons, Ron, Sr.'s motion for separate trial (Doc. 163) is **GRANTED**. Marie's claim for breach of fiduciary duties (Count One of the Complaint) will be tried to the jury starting October 9, 2018. The Court will schedule a separate trial on Marie's claims for corporate records and accounting (Counts Two and Three) after the jury trial, if necessary.

**IT IS SO ORDERED.**

Date:    9/17/18

*Timothy S. Black*
Timothy S. Black
United States District Judge