# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| MARIE JOSEPH, | : | Case No. 1:16-cv-465 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| RONALD JOSEPH, *et al.*, | : | |
| Defendants. | : | |

## FINAL PRETRIAL ORDER

This action came before the Court for a Final Pretrial Conference on October 2, 2018, at 2:00 p.m., pursuant to Fed. R. Civ. P. 16.

**I.  APPEARANCES**

    For Plaintiff:    Kevin Murphy, Murphy, Landen, Jones PLLC;

        Jeff Landen, Murphy, Landen, Jones, PLLC; and

        Nick Gregg, Murphy, Landen, Jones, PLLC.

    For Defendant:    James Burke, Keating Muething & Klekamp;

        Rachael Rowe, Keating Muething & Klekamp;

        James Matthews, Keating Muething & Klekamp;

        Jacob Rhode, Keating Muething & Klekamp;

        James Frooman, Frost Brown Todd.

**II.  NATURE OF ACTION**

    A.    The sole claim to be tried at the jury trial commencing on October 9, 2018 is Plaintiff's claim for breach of fiduciary duties under Ohio law.

    B.    The jurisdiction of this Court is invoked under 28 U.S.C. § 1332(a).

    C.    The jurisdiction of the Court is not disputed.

    D.    The parties have not consented to entry of final judgment by the United States Magistrate Judge.

### III. TRIAL SCHEDULE

Voir dire and trial to the jury is set for Tuesday, October 9, 2018. Trial will begin at 9:30 a.m. each morning thereafter, and conclude for the day at 4:30 p.m. The estimated trial length 14 days. Each side is permitted up to, and no more than, one week (40 hours) to present their case in chief.

Each day, the Court will recess for 15 minutes once at approximately 10:30 a.m. and again at approximately 2:45 p.m., with a 75 minute lunch break at approximately 12:00 p.m. The Court intends to maintain a consistent schedule, although the timing and length of lunch breaks and recesses may vary depending on the flow of the trial. In order to allow adequate time to resolve any outstanding issues, and unless otherwise instructed, counsel shall be present in the courtroom at 9:00 a.m. on the morning of *voir dire* (October 9, 2018), and no later than 9:15 a.m. each morning thereafter. Further, counsel should typically endeavor to return from lunch 5-10 minutes earlier than the jury.

### IV. AGREED STATEMENTS AND LISTS

    A.    **<u>General Nature of the Claims of the Parties</u>**.

The sole claim to be tried to the jury is Plaintiff's claim for breach of fiduciary duties, Count One of the Complaint. The Court previously put on a notation order limiting the jury trial to the claims and damages Plaintiff identified in her Supplemental

Response to an Interrogatory, filed at Doc. 119-3 at 4-13.  The Court has limited and clarified the scope of Plaintiff's claim for breach of fiduciary duties against Defendant in two Orders ruling on Defendant's motions for summary judgment (Docs. 99, 161) and in ruling on the parties' motions *in limine* (Docs. 185, 186).

The claim that will be tried to the jury includes Plaintiff's claims that Defendant breached his fiduciary duties by:

1. Engaging in unauthorized and undisclosed related party transactions involving Columbia Oldsmobile Co. ("Columbia") and its subsidiaries, on the one hand, and Defendant, his sons, or entities they purport to own and/or control on the other, including, but not limited to:

    a. "Management fees" paid by Columbia Automotive, Inc. and Columbia Development Corporation to Pond Realty Company (d/b/a Joseph Management Company), an entity that Defendant's sons own and of which Defendant is President;

    b. Other transfers from Columbia and its subsidiaries to Pond Realty Company;

    c. "Fleet Sales" transactions to entities owned or controlled by Defendant and his sons including, but not limited to, Joseph Chevrolet Company, Joseph T of C Co., Inc., Joseph Buick-GMC Truck, Inc. and Camargo Cadillac;

    d. Other transactions to entities owned or controlled by Defendant and/or his sons including, but not limited to, Joseph Chevrolet Company, Joseph T of C Co., Inc., Camargo Cadillac Company, Joseph Buick-GMC Truck, Inc., Montgomery Chevrolet Company, Infinity of Cincinnati, Joseph Northland Motors, Inc. and Joseph H of D, LLC;

    e. Transferring money to Pond Realty Company to be held in the Sweep Account;

    f. By making "loans" with "investments" in or otherwise transferring money from Columbia Development Corporation to Camargo Cadillac Company, Joseph Development and Gold Circle Mall;

    g. Using Columbia employees to perform work for himself and for entities purportedly owned or controlled by Defendant;

    h. Using Columbia funds to pay for personal expenses such as country club expenses, dining club dues, continuing legal education expenses, security services, Cincinnati Reds tickets, and other items such as food and meals.

2. Usurping corporate opportunities from Columbia for various parcels of real estate.

**B.**    **Uncontroverted Facts**.

The parties provided a list of Uncontroverted Facts at Appendix A to their Joint Proposed Final Pretrial Order.

**C.**    **Contested Issues of Fact and Law**.

The contested issues of fact are:

- The amount of money and services that flowed out of Columbia to related parties owned and/or operated by Defendant (in the transactions explained in Section IV(A), *supra*), all of which occurred when Defendant was president of Columbia and a director.

- Whether the transactions set forth in Section IV(A), *supra*, were disclosed to Plaintiff.

- Whether the transactions set forth in Section IV(A), *supra*, were fair to Columbia.

- Whether Defendant obtained any knowledge or information about parking lots ("Parking Lots") he acquired in his fiduciary capacity as an officer of Columbia.

- Whether the Parking Lots are in Columbia's line of business.

4

- Whether the acquisition of the Parking Lots would have been advantageous to Columbia.

- Whether Columbia was able to acquire the Parking Lots.

The contested issues of <u>law</u> in this case are those implicit in the foregoing issues of fact, including, most significantly:

- Did Defendant breach fiduciary duties owed to Plaintiff?

- Did Defendant proximately cause any damage to Plaintiff?

**D.** **Witnesses**.

The parties provided their witness lists at Appendices B and C of their Joint Proposed Pretrial Order

**E.** **Expert Witnesses**.

The Court excluded the testimony and opinions of Plaintiff's experts Paul Hess and Geoff Stern *in limine* (Doc. 186). Accordingly, Plaintiff's only expert witness for trial is D. Michael Costello, whose testimony will be limited to the opinions expressed in his report and deposition.

Defendant does not intend to call any expert witnesses but reserves the right to do so as may be necessary to testify in rebuttal to any expert witness called upon by Plaintiff.

**F.** **Exhibits**.

The parties disclosed their exhibits at Appendices D, E, and F of their Joint Proposed Pretrial Order.

    **G.    Depositions**.

Plaintiff has conditionally designated the use of Louis Rouse's deposition at trial. (Doc. 187).

    **H.    Discovery**.

Discovery has been completed.

    **I.    Pending Motions**.

The only pending motion is Plaintiff's motion for default judgment (Doc. 94), which is held in abeyance during trial.

**V.    MODIFICATION**

This Final Pretrial Order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel or on motion of the Court.

**VI.    SETTLEMENT EFFORTS**

The parties represent they have made a good faith effort to negotiate a settlement.

**VII.    PROPOSED JURY INSTRUCTIONS**

Proposed jury instructions and verdict forms, and objections thereto, have been provided by counsel for both parties.

The Court will provide its draft jury instructions to all parties after Plaintiff has rested. The Court will hold a charge conference after the close of all evidence.

**VIII.    JUROR QUESTIONNAIRES**

Copies of all juror questionnaires were provided to counsel on October 2, 2018.

## IX. VOIR DIRE

Each party shall be permitted up to 30 minutes for *voir dire*. Mr. Murphy will conduct *voir dire* on behalf of the Plaintiff. Mr. Burke will conduct *voir dire* on behalf of the Defendant.

## X. CHALLENGES

The Court and the parties agree to impanel 8 jurors and no alternates.

Each side is assigned four peremptory challenges. If either party chooses to "pass" on exercising its peremptory challenge in the order prescribed, that side has thereby forfeited the challenge. Should both parties consecutively "pass" on exercising their peremptory challenges within the same round, the jury selection process will end and the jury will be impaneled as comprised at that time.

**IT IS SO ORDERED.**

Date:  10/9/18                                     /s/ *Timothy S. Black*
                                                          Timothy S. Black
                                                          United States District Judge