# JURY INSTRUCTIONS



U.S. District Judge Timothy S. Black

*Marie Joseph v. Ronald Joseph*
Case No. 1:16-cv-465
October 22, 2018

# Contents

INTRODUCTION ........................................................................................................................ 4

JURORS' DUTIES ...................................................................................................................... 5

BACKGROUND INFORMATION .............................................................................................. 6

BURDEN OF PROOF ................................................................................................................. 7

PREPONDERANCE OF THE EVIDENCE ................................................................................ 8

NATURE OF THE ACTION ....................................................................................................... 9

EVIDENCE AND INFERENCES .............................................................................................. 10

EVIDENCE EXCLUDES ............................................................................................................ 11

CHARTS AND SUMMARIES .................................................................................................... 12

CREDIBILITY .............................................................................................................................. 13

EXPERT WITNESSES ............................................................................................................... 14

LAY WITNESS OPINION .......................................................................................................... 15

IMPEACHMENT ......................................................................................................................... 16

EXHIBITS .................................................................................................................................... 17

PLAINTIFF'S CLAIM .................................................................................................................. 18

TEMPORAL RESTRICTIONS ................................................................................................... 20

ELEMENTS OF BREACH OF FIDUCIARY DUTIES CLAIM ................................................ 21

BREACH OF FIDUCIARY DUTIES-FIRST ELEMENT (DUTY) .......................................... 22

BREACH OF FIDUCIARY DUTIES-SECOND ELEMENT (BREACH) ................................ 23

BREACH OF FIDUCIARY DUTIES-SECOND ELEMENT (BREACH) ................................ 24

BREACH OF FIDUCIARY DUTIES-SECOND ELEMENT (BREACH) ................................ 25

FAIRNESS ................................................................................................................................... 26

BREACH OF FIDUCIARY DUTIES- THIRD ELEMENT (DAMAGES) ................................ 27

ATTORNEY'S ACTIONS ARE REGARDED AS ACTIONS OF CLIENT ............................ 28

NO DUTY TO DECLARE DIVIDEND ...................................................................................... 29

COMPENSATORY DAMAGES ................................................................................................ 30

NOMINAL DAMAGES ............................................................................................................... 31

EFFECT OF INSTRUCTION ON DAMAGES ......................................................................... 32

PUNITIVE DAMAGES-ELEMENTS ........................................................................................ 33

PUNITIVE DAMAGES: CLEAR AND CONVINCING EVIDENCE ....................................... 34

REASONABLE ATTORNEY FEES .......................................................................................... 35

**CLOSING INSTRUCTIONS** ........................................................................................................ 36

**EXPERIMENTS, RESEARCH, AND INVESTIGATION** .................................................... 38

**DUTY TO DELIBERATE** ......................................................................................................... 39

**COURT HAS NO OPINION** ..................................................................................................... 40

**INTRODUCTION TO INTERROGATORIES** ...................................................................... 41

    **Jury Interrogatory No. 1** ......................................................................................................... 42

    **Jury Interrogatory No. 2** ......................................................................................................... 44

    **Jury Interrogatory No. 3** ......................................................................................................... 46

    **Jury Interrogatory No. 4** ......................................................................................................... 48

    **Jury Interrogatory No. 5** ......................................................................................................... 50

    **Jury Interrogatory No. 6** ......................................................................................................... 52

    **Jury Interrogatory No. 7** ......................................................................................................... 54

    **Jury Interrogatory No. 8** ......................................................................................................... 57

**VERDICT FORMS** ..................................................................................................................... 59

# **INTRODUCTION**

Members of the jury: you have heard the evidence and the arguments of counsel. It is now the duty of the Court to instruct you on the law which applies to this case. The Court and jury have separate functions.  You decide the disputed facts and I give the instructions of law.  It is your sworn duty to accept these instructions and to apply the law as it is given to you.  You are not permitted to change the law or to apply your own idea of what you think the law should be.

## JURORS' DUTIES

You have two main duties as jurors.  The first duty is to decide what the facts are from the evidence that you saw and heard here in Court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and apply it to the facts.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers will talk about the law during their closing argument.  But if what they say is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

## **BACKGROUND INFORMATION**

I will provide some background on the parties in this case.

In a civil case, a Plaintiff asserts a claim against a Defendant. The Plaintiff in this case is Marie Joseph. The Defendant in this case is Ronald Joseph. I will later describe the legal claim asserted in this case.

The Plaintiff and the Defendant are brother and sister with the same last name.  In these jury instructions I will sometimes refer to the Plaintiff as "Marie" rather than as "Ms. Joseph" and refer to the Defendant as "Ron" rather than as "Mr. Joseph."  You may have noticed that counsel and some witnesses have done the same. This does not imply any personal familiarity with either of the parties or favoritism toward either one of them, nor is it intended as a sign of disrespect to either of them; the use of their first names is simply an effort to avoid confusion.

Columbia Oldsmobile Company, which I will refer to as "Columbia," is not a party to this case, but Marie's allegations relate to Columbia. Columbia is a closely held corporation organized under the law of the state of Ohio.  A "closely held" corporation is a corporation that has relatively few shareholders and whose shares are not traded in the stock market.

## __BURDEN OF PROOF__

The person who claims that certain facts exist must prove them by a preponderance of the evidence.  This duty is known as the burden of proof.

## <u>PREPONDERANCE OF THE EVIDENCE</u>

Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs in your mind the evidence opposed to it. A preponderance means evidence that is more probable, more persuasive, or of greater probative value.  You must weigh the quality of the evidence.  Quality may or may not be identical with the greater number of witnesses.

## <u>NATURE OF THE ACTION</u>

The Plaintiff, Marie, has asserted a claim against the Defendant, Ron, which will be discussed in more detail. For now, it is sufficient to state that Marie asserts a claim against Ron for breach of fiduciary duties, which is solely related to the corporate activities of Columbia, of which Ron is a majority shareholder and Marie is a minority shareholder.

The plaintiff, in this case Marie, has the burden in a civil action to prove every essential element of her claim. In this civil case, Marie must prove each element of her claim for breach of fiduciary duties by a preponderance of the evidence.

Marie's claim for breach of fiduciary duties is premised on multiple alleged actions and omissions. In other words, Marie alleges that multiple actions and omissions allegedly taken (or not taken) by Ron each constitute a breach of fiduciary duty. You should consider each act or omission that Marie claims constitutes a breach of fiduciary duty separately.

If Marie establishes all the elements of her breach of fiduciary duties claim by the preponderance of the evidence for any particular act or omission, you must find for Marie as to that act or omission. If Marie fails to establish any element of her claim by the preponderance of the evidence for any particular act or omission, you must find for Ron as to that act or omission.

## **EVIDENCE AND INFERENCES**

Evidence is all the testimony received from the witnesses, including depositions, the exhibits admitted during the trial, any facts agreed to by counsel, and any facts which the Court requires you to accept as true.

Evidence may be direct or circumstantial, or both.

Direct evidence is the testimony given by a witness who has seen or heard the facts to which he testifies.  It includes exhibits admitted into evidence during the trial and stipulations that you were instructed to accept as fact.

Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow, according to the common experience of mankind.

To infer, or to make an inference, is to reach a reasonable conclusion of fact which you may, but are not required to, make from other facts which you find have been established by direct evidence.  Whether an inference is made rests entirely with you.

You may infer a fact or facts only from other facts that have been proved by the greater weight of the evidence, but you may not infer a fact or facts from a speculative or remote basis that has not been established by the greater weight of the evidence.

Counsel may have agreed upon written stipulations and exhibits concerning certain evidence, and these will be with you during your deliberations.

## **EVIDENCE EXCLUDES**

The evidence does not include the pleadings or any statement of counsel made during the trial, unless such statement was an admission or agreement admitting certain facts.  The opening statements and the closing arguments of counsel are designed to assist you.  They are not evidence.

Statements or answers ordered stricken, or to which the Court sustained an objection, or which you were instructed to disregard are not evidence and must be treated as though you never heard them.

You must not guess why the Court sustained the objection to any question or what the answer to such question might have been.  You must not consider as evidence any suggestion included in a question that was not answered.

## **CHARTS AND SUMMARIES**

Charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

The charts and summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you should disregard them entirely.

## **CREDIBILITY**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## **EXPERT WITNESSES**

The Rules of Evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.

There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become an expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they profess to be an expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's testimony is outweighed by other evidence, you may disregard the opinion entirely.

## LAY WITNESS OPINION

Normally a lay witness—that is, a witness who has not been identified as an expert—may not express an opinion.  However, a lay witness may offer an opinion that is rationally based on the witness's perception.  Lay witness opinions may be based on particularized knowledge acquired by the witness by virtue of his or her position in a business.

In deciding the value of a lay opinion, you will consider the opportunity that the witness had to observe the facts and his or her knowledge of and experience with those facts.  In addition, you will apply the usual rules for testing credibility and deciding the weight to be given to testimony.

## **IMPEACHMENT**

A witness may be discredited or "impeached" by contradictory legal evidence, by a showing that he or she testified falsely concerning a material matter, or by legal evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

In addition, a witness may be discredited or impeached by showing that the witness has made a false statement, whether under oath or not, in other circumstances in which the witness had a motive to make false statements.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony on other particulars and you may reject part or all of the testimony of that witness or give it such weight as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## **EXHIBITS**

A number of exhibits and testimony related to them have been introduced. You will determine what weight, if any, the exhibits should receive in the light of all the legal evidence.

You may note that some documents have not been introduced and are not exhibits with you in the jury room.  These documents are not legal evidence.

## PLAINTIFF'S CLAIM

Now my instructions will focus on the specific allegations and defenses for this lawsuit.   I will explain the legal terms used here after I provide a general overview of Marie's claim.

Marie has asserted a claim for breach of fiduciary duties against Ron, for which she seeks damages.  Marie alleges that on and after April 12, 2012, Ron, the majority shareholder of Columbia, breached fiduciary duties he owed to Marie as a minority shareholder of Columbia, and that these breaches proximately caused Marie financial damages. Ron denies that he breached any fiduciary duties, denies that any of the transactions or actions about which Marie complains harmed Columbia or Marie in any way, and asserts that these transactions and actions were fair to Columbia and its shareholders.

Though Marie's claim is premised on numerous transactions, she alleges that Ron breached his fiduciary duties in two ways.

First, Marie alleges that Ron breached duties owed to her as a shareholder of Columbia by engaging in unauthorized and undisclosed "self-dealing" transactions involving Columbia and its subsidiaries, on the one hand, and Ron, his sons, or entities they purport to own and/or control on the other.  The alleged transactions at issue include:

1. Management fees paid by Columbia Automotive, Inc. and Columbia Development Corporation to Pond Realty Company (d/b/a Joseph Management Company), an entity that Ron's sons own and of which Ron is the President;

2. Other transfers from Columbia and its subsidiaries to Pond Realty Company;

3. "Fleet Sales" transactions between Columbia and entities owned or controlled by Ron and his sons including, but not limited to, Joseph Chevrolet Company, Joseph T of C Co., Inc., Joseph Buick-GMC Truck, Inc. and Camargo Cadillac;

4. Disbursements of Columbia's money to Pond Realty Company to be held in the Sweep Account a/k/a the U.S. Bank Money Center Account;

5. Disbursements of money in the form of "loans" and/or "investments" from Columbia Development Corporation to Camargo Cadillac Company, Joseph Development and Gold Circle Mall;

6. Using Columbia employees to perform work for Ron and for other entities he owns or controls,

18

7. Using Columbia funds to pay for personal expenses such as country club expenses, dining club dues, continuing legal education expenses, security services, Cincinnati Reds tickets, and other items such as food and meals.

Ron denies all of these allegations and asserts that all of these transactions were fair to Columbia, and that all of these transactions ultimately benefitted Columbia and Marie.

Second, Marie alleges that Ron breached duties owed to her as a minority shareholder of Columbia by usurping corporate opportunities for himself by causing other companies to acquire two lots of land. One of the lots is located 3464 Poole Road and was acquired by Joseph T of C in 2012. The other lot is located at 8583 Colerain Avenue and was acquired by Joseph Realty LLC in 2014. I will refer to both lots collectively as the "Parking Lots." Marie alleges that the opportunity to acquire the Parking Lots should have been offered to Columbia, and Ron's failure to do so harmed Columbia and caused Marie damages.

Ron denies that he was involved with the purchase of the Parking Lots, denies that he had an obligation to offer the opportunity to acquire the Parking Lots to Columbia, and denies that the purchase of the Parking Lots by other entities harmed Columbia or caused damage to Marie.

## **TEMPORAL RESTRICTIONS**

Marie's claim for breach of fiduciary duties is limited to alleged acts or omissions by Ron that occurred on or after April 12, 2012. Any evidence or testimony concerning acts or omissions that took place before April 12, 2012 is relevant only to the extent it might support the elements of Marie's claim with respect to acts or omissions that took place on or after April 12, 2012.

## <u>ELEMENTS OF BREACH OF FIDUCIARY DUTIES CLAIM</u>

To prove her claim for breach of fiduciary duties against Ron, the law requires Marie to establish: (1) the existence of a duty owed by Ron arising from a fiduciary relationship between Ron and Marie; (2) a failure by Ron to observe that duty; and (3) an injury or damage to Marie resulting proximately from Ron's failure to observe a fiduciary duty owed to Marie.  Marie must prove every one of these elements by a preponderance of the evidence.

In the next several instructions, I will explain each of these three elements in greater detail.

## BREACH OF FIDUCIARY DUTIES-FIRST ELEMENT (DUTY)

To satisfy the first element of her claim, Marie must prove by a preponderance of the evidence that Ron had a duty to Marie arising from a fiduciary relationship.

A fiduciary is a person having a duty, created by his or her undertaking, to act primarily for the benefit of another in matters connected with that undertaking.

In a close corporation, a majority shareholder occupies a position of trust in relation to the corporation and to minority shareholders. Therefore, both parties agree that Ron owed fiduciary duties to Marie in her capacity as a minority shareholder of Columbia regarding matters connected with Columbia.  Those fiduciary duties include but are not necessarily limited to the duty to refrain from self-dealing, a duty of disclosure, a duty of loyalty, and a duty of utmost good faith.

## **BREACH OF FIDUCIARY DUTIES-SECOND ELEMENT (BREACH)**

The second element of Marie's claim is that she must prove by a preponderance of the evidence that Ron breached the fiduciary duties he owed to Marie.

As I have explained, Marie alleges that Ron breached fiduciary duties in two different ways: (1) by engaging in "self-dealing" transactions with Columbia on one side of the transaction and companies Ron and/or his sons own or have an interest in on the other, and (2) usurping corporate opportunities by acquiring two Parking Lots for other companies without first offering the opportunity to acquire the Parking Lots to Columbia.

In the next several instructions, I will explain what Marie must prove by a preponderance of the evidence in order to establish that the alleged self-dealing transactions, and the alleged usurpation of corporate opportunities, constitute a "breach" of fiduciary duties.

Keep in mind that Marie alleges multiple actions or omissions taken by Ron each constitute a breach of fiduciary duty. If Marie is able to show by a preponderance of the evidence that one action or omission by Ron was a breach of fiduciary duty, it does not necessarily follow that the other alleged actions or omissions were also breaches of fiduciary duties. Similarly, if Marie is not able to show that one action or omission by Ron was a breach of fiduciary duty, it does not necessarily follow that the other alleged actions or omissions also do not constitute breaches of fiduciary duties. You must consider whether each action and omission alleged by Marie constitutes a breach of a fiduciary duty.

## BREACH OF FIDUCIARY DUTIES-SECOND ELEMENT (BREACH) (USURPATION OF CORPORATE OPPORTUNITIES)

Marie argues that Ron breached fiduciary duties owed to her by allegedly usurping corporate opportunities in connection with the acquisition of the two Parking Lots by Joseph T of C and Joseph Realty LLC. Marie alleges the opportunity to acquire these Parking Lots should have been, but were not, presented to Columbia.

In order to prove that Ron's failure to offer the opportunity to acquire a particular Parking Lot to Columbia constituted a breach of fiduciary duties, Marie must show by a preponderance of the evidence that: (1) Ron acquired knowledge or information about the opportunity to purchase the Parking Lot; (2) Ron acquired that information in his capacity as a fiduciary of Columbia and did not acquire that information in his personal capacity or his capacity as an owner or employee of another company; (3) the purchase of the Parking Lot was in Columbia's line of business; (4) the purchase of the Parking Lot would have been advantageous to Columbia; and (5) Columbia was able to purchase the Parking Lot.

If you find that Marie has proved each of these elements by a preponderance of the evidence, then you must find for Marie on this part of her claim. If you find that Marie failed to prove any one of these elements by a preponderance of the evidence, then you must find for Ron on this part of Marie's claim.

## BREACH OF FIDUCIARY DUTIES-SECOND ELEMENT (BREACH) (ALLEGED "SELF-DEALING" TRANSACTIONS)

Marie alleges that Ron breached fiduciary duties owed to her by engaging in unauthorized and undisclosed "self-dealing" transactions involving Columbia and its subsidiaries, on the one hand, and Ron, his sons, or entities they purport to own and/or control on the other, including transactions involving the "fleet sales" program, the U.S. Bank Money Center Account (also known as the "Sweep Account"), the management fees paid to Pond Realty Company d/b/a Joseph Management, other transfers from Columbia and its subsidiaries to Pond Realty Company, disbursements categorized as "loans" or "investments" to other dealerships, using Columbia employees to perform work for other businesses Ron owns, and the payments for things like club memberships and dues, sports tickets, and security services.

If you find that Marie has shown, by a preponderance of the evidence, that Ron engaged in "undisclosed self-dealing," then Ron is presumed to have breached his fiduciary duties in regards to that particular transaction unless, as explained in the next instruction, Ron proves by a preponderance of the evidence that the transaction was fair to Columbia.

Ron engaged in "undisclosed self-dealing" if (1) Ron engaged in a transaction in which Ron had a material pecuniary interest  and that interest reasonably would be expected to affect Ron's judgment in a manner adverse to Columbia, and (2) Ron failed to disclose his interest in the transaction to Columbia.

Ron did not engage in "undisclosed self-dealing" if he did not know about the transaction or transactions in which he is alleged to have an interest, as Ron did not have a duty to disclose transactions of which he was unaware.

## **FAIRNESS**

If Marie shows by a preponderance of the evidence that Ron engaged in a transaction or transactions that constitute "undisclosed self-dealing," that does not mean that transaction, or those transactions, are a breach of fiduciary duties.  Instead, the burden shifts to Ron to prove, by a preponderance of the evidence, that the transaction or transactions constituting "undisclosed self-dealing" were fair to Columbia.

In determining whether a transaction was fair to Columbia, you must consider whether the transaction was intrinsically fair to Columbia as of the date of the transaction. You should consider all aspects of each transaction in reaching this determination.  You should consider whether the transaction was for a legitimate business purpose.

If Ron proves by a preponderance of the evidence that an undisclosed "self-dealing" transaction was fair to Columbia, then you should find that transaction is not a breach of fiduciary duties.  If Ron does not prove by a preponderance of the evidence that an undisclosed "self-dealing" transaction was fair to Columbia, then you should find that transaction is a breach of fiduciary duties.

## BREACH OF FIDUCIARY DUTIES- THIRD ELEMENT (DAMAGES)

The third element of Marie's claim is that she must prove by a preponderance of the evidence that Ron proximately caused an injury to Marie that resulted in money damages to Marie.  Damage to Marie is an essential element of her claim for breach of fiduciary duties.

Even if you determine that Ron failed to demonstrate that a transaction was fair to Columbia, you must separately consider whether Marie has demonstrated by a preponderance of the evidence that a transaction caused damages to Marie.

Marie, as the plaintiff, has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

Damage is proximately caused by an act or failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the damage, and that the damage was either the direct result or a reasonably probable consequence of the act or omission.  Proximate cause contemplates a probable or likely result, not merely a possible one.

## <u>ATTORNEY'S ACTIONS ARE REGARDED AS ACTIONS OF CLIENT</u>

A client is charged with knowledge of his attorney's notice or knowledge of facts or information acquired in the course of the representation for which the attorney has been engaged.  As a general rule an attorney acting within the scope of his authority represents his client, and his acts and omissions are to be regarded as the acts of the person he represents and are equivalent to the acts of the client himself.

## NO DUTY TO DECLARE DIVIDEND

A dividend is a distribution of earnings and profit made by a corporation to its shareholders.  Dividends are paid from a corporation's surplus—that is, the surplus earnings that remain after defraying every expense of the corporation.

Shareholders of an Ohio corporation have no right or entitlement to dividends.  The power to declare dividends rests with the directors of a corporation, and a large discretion is given to them whether to retain its surplus profits as part of the working capital or divide it out to the stockholders.  An abuse of that discretion may give rise to a cause of action.

Plaintiff's claim in this lawsuit is not premised on the failure to declare dividends.  In other words, Plaintiff is not alleging that Defendant breached his fiduciary duties to her by not declaring a dividend in any particular year.

## <u>COMPENSATORY DAMAGES</u>

If you find that Ron is liable to Marie for breach of fiduciary duties, then you must determine an amount that is fair compensation for all of her damages. These are called compensatory damages. The purpose of compensatory damages is to make a plaintiff whole—that is, to compensate Marie for any damage that she has suffered.  Marie must prove her damages by a preponderance of the evidence.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

On the other hand, the law does not require that a plaintiff prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

## <u>NOMINAL DAMAGES</u>

If you find for Marie and decide that Ron breached his fiduciary duties, but you also find that Marie failed to prove by a preponderance of the evidence any actual damages attributable to the breach, then you may award her nominal damages.  "Nominal" means trifling or small.

## <u>EFFECT OF INSTRUCTION ON DAMAGES</u>

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of Marie based on a preponderance of the evidence in accordance with the other instructions.

## <u>PUNITIVE DAMAGES-ELEMENTS</u>

Marie alleges that she should be awarded punitive damages.

You may only consider whether Marie is entitled to punitive damages if you have already determined that she has established that Ron breached a fiduciary duty and that Marie is entitled to compensatory damages. If you find for Ron on the claim for breach of fiduciary duties, or if you only award Marie nominal damages, then you may not award punitive damages.

If you do determine that Marie established by a preponderance of the evidence that Ron breached a fiduciary duty, and you award her compensatory damages, then you are not required to also award punitive damages to Marie. You may not award punitive damages unless you determine that Marie proved by clear and convincing evidence that Ron acted with malice.

Malice means: (1) a state of mind characterized by hatred, ill will, or a spirit of revenge or (2) a conscious disregard for the rights and safety of another person that has a great probability of causing substantial harm.

Substantial means major or significant and not trifling or small.

## <u>PUNITIVE DAMAGES: CLEAR AND CONVINCING EVIDENCE</u>

Unlike the other claims in this action, Marie must establish that she is entitled to punitive damages by clear and convincing evidence.

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

## <u>REASONABLE ATTORNEY FEES</u>

If you decide Ron is liable for punitive damages, you must also decide whether Ron is liable for the reasonable attorney fees of counsel employed by Marie in the prosecution of this action.  If you decide that Ron is liable for those attorney fees, the Court will determine the amount.

You may not award Marie attorney fees unless you find, first, that Marie is entitled to compensatory damages, and second, that Marie is entitled to punitive damages.

## CLOSING INSTRUCTIONS

I have given you the instructions on the law applicable to this case. I will now instruct you on how to conduct your deliberations and prepare your verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in Court.  A verdict form has been prepared for your convenience.

The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of the individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If it becomes necessary during your deliberations to communicate with me, you may send a note by a Courtroom Deputy, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court.

Bear in mind also that you are never to reveal to any person–not even to me–how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

The Court will place in your possession the exhibits and the verdict form.  The foreperson of the jury will be responsible for the return of the exhibits and the verdict form after your verdict has been reached.

You will retire shortly to the jury room to deliberate upon your verdict.  The Courtroom Deputy will confer with you regarding any recess or adjournment.

## **EXPERIMENTS, RESEARCH, AND INVESTIGATION**

Remember that you must make your decision based only on the evidence that you saw and heard here in Court.  Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; do not conduct Internet research (Googling, etc.); and do not visit any of the places that were mentioned during the trial.

Make your decision based only on the evidence that you saw and heard here in Court.

## **DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

## <u>COURT HAS NO OPINION</u>

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during trial was meant to influence your decision in any way.  You decide for yourselves.

## INTRODUCTION TO INTERROGATORIES

1.      Written questions are called Interrogatories.  You must answer them in writing, starting with the first question.  You must follow carefully the directions about how to proceed.

2.      A question is answered when all jurors agree.  All jurors must sign at the end of the Interrogatories.  If all jurors cannot agree on an answer, you are instructed to report to the Court.

3.      I will now review with you the Interrogatories that you will answer during deliberations.  I caution you not to make any inference by reason of the order in which I read them.

**Jury Interrogatory No. 1**
**Breach of Fiduciary Duties**
**Based on Alleged Usurpation of Purchase of Lot at 3464 Poole Road**

**1.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph knew about the purchase of a parking lot at 3464 Poole Road by Joseph T of C in 2012?

Yes_____          No_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**2.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph acquired knowledge about the purchase of a parking lot at 3464 Poole Road by Joseph T of C in 2012 in his capacity as majority shareholder or director of Columbia?

Yes_____          No_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**3.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that the purchase of a parking lot at 3464 Poole Road by Joseph T of C in 2012 was in Columbia's line of business?

Yes_____          No_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**4.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that the purchase of a parking lot at 3464 Poole Road that was in fact purchased by Joseph T of C in 2012 would have been advantageous to Columbia?

Yes_____          No_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**5.**     Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Columbia was able to purchase a parking lot at 3464 Poole Road in 2012?

**Yes**_____          **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**6.**     Did Plaintiff Marie Joseph prove by a preponderance of the evidence that the purchase of a parking lot at 3464 Poole Road by Joseph T of C in 2012 proximately caused her monetary damages?

**Yes**_____          **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**7.**     State below the monetary damages (if any) that Plaintiff Marie Joseph proved by a preponderance of the evidence were proximately caused to her by Defendant Ronald Joseph in connection with the purchase of a parking lot at 3464 Poole Road by Joseph T of C in 2012.

**This question refers only to compensatory damages. Punitive damages will be addressed in a separate interrogatory.**

$_____

43

**Jury Interrogatory No. 2**
**Breach of Fiduciary Duties**
**Based on Alleged Usurpation of Purchase of Lot at 8583 Colerain Avenue**

**1.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph knew about the purchase of a parking lot at 8583 Colerain Avenue by Joseph Realty LLC in 2014?

**Yes**_____        **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**2.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph acquired knowledge about the purchase of a parking lot at 8583 Colerain Avenue by Joseph Realty LLC in 2014 in his capacity as majority shareholder or director of Columbia?

**Yes**_____        **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**3.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that the purchase of a parking lot at 8583 Colerain Avenue by Joseph Realty LLC in 2014 was in Columbia's line of business?

**Yes**_____        **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**4.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that the purchase of a parking lot at 8583 Colerain Avenue that was in fact purchased by Joseph Realty LLC in 2014 would have been advantageous to Columbia?

**Yes**_____        **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**5.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Columbia was able to purchase a parking lot at 8583 Colerain Avenue in 2014?

**Yes**_____          **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**6.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that the purchase of a parking lot at 8583 Colerain Avenue by Joseph Realty LLC in 2014 proximately caused her monetary damages?

**Yes**_____          **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**7.** State below the monetary damages (if any) that Plaintiff Marie Joseph proved by a preponderance of the evidence were proximately caused to her by Defendant Ronald Joseph in connection with the purchase of a parking lot at 8583 Colerain Avenue by Joseph Realty LLC in 2014.

***This question refers only to compensatory damages. Punitive damages will be addressed in a separate interrogatory.***

**$**_____

45

## Jury Interrogatory No. 3
## Breach of Fiduciary Duties Based on Fleet Sales

1     Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph caused Columbia to engage in transactions in the "fleet sales" program?

**Yes**_____         **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

2.     Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph had a material pecuniary interest  in the "fleet sales" program, and that interest reasonably would be expected to affect his judgment in a manner adverse to Columbia?

**Yes**_____         **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

3     Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph failed to disclose his interest in the "fleet sales" transactions to Marie?

**Yes**_____         **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

4.     Did Defendant Ronald Joseph prove by a preponderance of the evidence that the "fleet sales" transactions were fair to Columbia?

**Yes**_____         **No**_____

*If the answer to the preceding question is "Yes," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "No," proceed to the next question.*

**5.**     Did Plaintiff Marie Joseph prove by a preponderance of the evidence that the "fleet sales" transactions proximately caused her monetary damages?

Yes_____          No_____

> *If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**6.**     State below the monetary damages (if any) that Plaintiff Marie Joseph proved by a preponderance of the evidence were proximately caused to her by Defendant Ronald Joseph in connection with Columbia's participation in "fleet sales" transactions.

> ***This question refers only to compensatory damages. Punitive damages will be addressed in a separate interrogatory.***

$_____

**Jury Interrogatory No. 4**
**Breach of Fiduciary Duties Based on U.S. Bank Money Center Account**

**1.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph caused Columbia to transfer funds to the Sweep Account a/k/a U.S. Bank Money Center Account, which was held in the name of Pond Realty Company?

**Yes**_____        **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**2.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph had a material pecuniary interest in the transfer of funds from Columbia to the Sweep Account a/k/a U.S. Bank Money Center Account, and that interest reasonably would be expected to affect his judgment in a manner adverse to Columbia?

**Yes**_____        **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**3.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph failed to disclose his interest in the transfers of funds from Columbia to the Sweep Account a/k/a U.S. Bank Money Center Account to Marie?

**Yes**_____        **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**4.** Did Defendant Ronald Joseph prove by a preponderance of the evidence that the transfers of funds from Columbia to the Sweep Account a/k/a U.S. Bank Money Center Account were fair to Columbia?

**Yes**_____        **No**_____

*If the answer to the preceding question is "Yes," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "No," proceed to the next question.*

48

**5.**    Did Plaintiff Marie Joseph prove by a preponderance of the evidence that the transfers of funds from Columbia to the Sweep Account a/k/a U.S. Bank Money Center Account proximately caused her money damages?

**Yes**_____          **No**_____

> *If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**6.**    State below the monetary damages (if any) that Plaintiff Marie Joseph proved by a preponderance of the evidence were proximately caused to her by Defendant Ronald Joseph in connection with the transfers of funds from Columbia to the Sweep Account a/k/a U.S. Bank Money Center Account.

> ***This question refers only to compensatory damages. Punitive damages will be addressed in a separate interrogatory.***

**$**_____

**Jury Interrogatory No. 5**
**Breach of Fiduciary Duties Based on**
**Transactions With Camargo Cadillac, Gold Circle Mall, and Joseph Development**

**1.**     Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph caused Columbia to disburse money as either "loans" or "investments" to Camargo Cadillac, Gold Circle Mall, and Joseph Development?

Yes_____     No_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**2.**     Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph had a material pecuniary interest in the disbursements from Columbia to Camargo Cadillac, Gold Circle Mall, and Joseph Development, and that Defendant's interest reasonably would be expected to affect his judgment in a manner adverse to Columbia?

Yes_____     No_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**3.**     Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph failed to disclose his interest in the disbursements from Columbia to Camargo Cadillac, Gold Circle Mall, and Joseph Development to Marie?

Yes_____     No_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**4.**     Did Defendant Ronald Joseph prove by a preponderance of the evidence that the disbursements from Columbia to Camargo Cadillac, Gold Circle Mall, and Joseph Development were fair to Columbia?

Yes_____     No_____

50

*If the answer to the preceding question is "Yes," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "No," proceed to the next question.*

**5**.     Did Plaintiff Marie Joseph prove by a preponderance of the evidence that the disbursements from Columbia to Camargo Cadillac, Gold Circle Mall, and Joseph Development proximately caused her monetary damages?

**Yes**_____              **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**6**.     State below the monetary damages (if any) that Plaintiff Marie Joseph proved by a preponderance of the evidence were proximately caused to her by Defendant Ronald Joseph in connection with the disbursements from Columbia to Camargo Cadillac, Gold Circle Mall, and Joseph Development.

*This question refers only to compensatory damages. Punitive damages will be addressed in a separate interrogatory.*

**$**_____

### Jury Interrogatory No. 6
### Breach of Fiduciary Duties Based on Management Fees

**1.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph caused Columbia to pay management fees to Pond Realty Company d/b/a Joseph Management?

**Yes**_____          **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**2.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph had a material pecuniary interest in the payment of management fees by Columbia to Pond Realty Company d/b/a Joseph Management, and that interest reasonably would be expected to affect his judgment in a manner adverse to Columbia?

**Yes**_____          **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**3.** Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph failed to disclose his interest in the payment of management fees by Columbia to Pond Realty Company d/b/a Joseph Management to Marie?

**Yes**_____          **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**4.** Did Defendant Ronald Joseph prove by a preponderance of the evidence that the management fees paid by Columbia to Pond Realty Company d/b/a Joseph Management were fair to Columbia?

**Yes**_____          **No**_____

*If the answer to the preceding question is "Yes," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "No," proceed to the next question.*

52

**5.**     Did Plaintiff Marie Joseph prove by a preponderance of the evidence that the payment of management fees by Columbia to Pond Realty Company d/b/a Joseph Management proximately caused her monetary damages?

**Yes**_____          **No**_____

> *If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**6.**     State below the monetary damages (if any) that Plaintiff Marie Joseph proved by a preponderance of the evidence were proximately caused to her by Defendant Ronald Joseph in connection with the payment of management fees by Columbia to Pond Realty Company d/b/a Joseph Management.

> ***This question refers only to compensatory damages. Punitive damages will be addressed in a separate interrogatory.***

$_____

## Jury Interrogatory No. 7
### Breach of Fiduciary Duties Based on Other Payments and Benefits

**1.**    Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph caused Columbia to make other miscellaneous payments, including other transfers from Columbia and its subsidiaries to Pond Realty Company, other inter-company transactions, payments to Columbia employees for work performed for other companies, and payments for benefits such as club memberships and dues, sports tickets and security services? *(This section does not cover any of the transactions referred to in the previous Jury Interrogatories.)*

**Yes**_____          **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**2.**    Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph had a material pecuniary interest in Columbia making other miscellaneous payments, including other transfers from Columbia and its subsidiaries to Pond Realty Company, other inter-company transactions, payments to Columbia employees for work performed for other companies, and payments for benefits such as club memberships and dues, sports tickets and security services, and that interest reasonably would be expected to affect his judgment in a manner adverse to Columbia? *(This section does not cover any of the transactions referred to in the previous Jury Interrogatories.)*

**Yes**_____          **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**3.**    Did Plaintiff Marie Joseph prove by a preponderance of the evidence that Defendant Ronald Joseph failed to disclose his interest in Columbia's making other miscellaneous payments, including other transfers from Columbia and its subsidiaries to Pond Realty Company, other inter-company transactions, payments to Columbia employees for work performed for other companies, and payments for benefits such as club memberships and dues, sports tickets and security services to Marie? *(This section does not cover any of the transactions referred to in the previous Jury Interrogatories.)*

**Yes**_____          **No**_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**4.**     Did Defendant Ronald Joseph prove by a preponderance of the evidence that all other miscellaneous payments made by Columbia, including other transfers from Columbia and its subsidiaries to Pond Realty Company, other inter-company transactions, payments to Columbia employees for work performed for other companies, and payments for benefits such as club memberships and dues, sports tickets and security services, were fair to Columbia? *(This section does not cover any of the transactions referred to in the previous Jury Interrogatories.)*

**Yes**_____          **No**_____

*If the answer to the preceding question is "Yes," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "No," proceed to the next question.*

**5.**     Did Plaintiff Marie Joseph prove by a preponderance of the evidence that other miscellaneous payments by Columbia, including other transfers from Columbia and its subsidiaries to Pond Realty Company, other inter-company transactions, payments to Columbia employees for work performed for other companies, and payments for benefits such as club memberships and dues, sports tickets and security services, proximately caused her monetary damages? *(This section does not cover any of the transactions referred to in the previous Jury Interrogatories.)*

Yes_____          No_____

*If the answer to the preceding question is "No," this ends your deliberation on this portion of Plaintiff Marie Joseph's claim, and you should move on to the next Jury Interrogatory. If the answer to the preceding question is "Yes," proceed to the next question.*

**6.**     State below the monetary damages (if any) that Plaintiff Marie Joseph proved by a preponderance of the evidence were proximately caused to her by Defendant Ronald Joseph in connection with other miscellaneous payments made by Columbia, including other transfers from Columbia and its subsidiaries to Pond Realty Company, other inter-company transactions, payments to Columbia employees for work performed for other companies, and payments for benefits such as club memberships and dues, sports tickets and security services. *(This section of the verdict form does not cover any of the transactions referred to in the previous Jury Interrogatories.)*

*This question refers only to compensatory damages. Punitive damages will be addressed in a separate interrogatory.*

$_____

## Jury Interrogatory No. 8
## Punitive Damages

*You should only respond to this interrogatory if you found for Marie on any of the above claims, and if you awarded Marie more than nominal compensatory damages. If you found for Ron on all claims, or if you awarded Marie no compensatory damages or nominal compensatory damages, then your deliberations are complete, and you should sign the form at the bottom of these instructions.*

1.      Did Plaintiff Marie Joseph prove by clear and convincing evidence that Defendant Ronald Joseph breached fiduciary duties owed her and, in doing so, acted with malice toward Plaintiff Marie Joseph in matters related to Columbia?

**Yes**_____          **No**_____

> *If the answer to the preceding question is "No," then your deliberations are complete and you should move sign this form on the next page. If the answer to the preceding question is "Yes," proceed to the next question.*

2.      What amount of punitive damages are fair and reasonable to award Plaintiff Marie Joseph given all of the facts and circumstances?

> *An Ohio statute limits punitive damages in a civil case such as this to a total of not more than Three Hundred Fifty Thousand Dollars ($350,000), so you may not award more than that amount.*

**$**_____

3.      Is Defendant Ronald Joseph liable for the reasonable attorney fees of counsel employed by Plaintiff Marie Joseph in the prosecution of this action?

**Yes**_____          **No**_____

> *If the answer to the preceding interrogatory is "Yes," then the Court will determine the amount of reasonable attorney fees.*

57

***Please sign this form on the next page, verifying your answers to the Jury Interrogatories, and proceed to the Verdict Forms.***

_____          _____
(Foreperson)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

## **VERDICT FORMS**

Now, you must complete one of the attached Verdict Forms.

You must sign and date the Verdict for Plaintiff **if** you answered "yes" to **one** or more of the following questions:

- Jury Interrogatory No. 1, Question 6;

- Jury Interrogatory No. 2, Question 6;

- Jury Interrogatory No. 3, Question 5;

- Jury Interrogatory No. 4, Question 5;

- Jury Interrogatory No. 5, Question 5;

- Jury Interrogatory No. 6, Question 5; or

- Jury Interrogatory No. 7, Question 5.

If you did not answer any of the above-listed questions, or did not answer "yes" to any of the above-listed questions, you must sign and date the Verdict for Defendant.

Once you have completed one of the attached Verdict Forms, please notify the Courtroom Deputy.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MARIE JOSEPH,                         :        Case No. 1:16-cv-465
                                      :
    Plaintiff,                  :        Judge Timothy S. Black
                                      :
vs.                                   :
                                      :
RONALD JOSEPH, *et al.*,              :
                                      :
    Defendants.                 :

## VERDICT FOR PLAINTIFF

We, the jury in this case, being duly impaneled and sworn, find in favor of

Plaintiff, Marie Joseph.

Each of us said jurors concurring in said verdict signs his/her name hereto this

_____ day of _____, 2018.


1._____        5. _____
   Foreperson

2. _____        6. _____

3. _____        7. _____

4. _____        8. _____

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| MARIE JOSEPH, | : | Case No. 1:16-cv-465 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| RONALD JOSEPH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## VERDICT FOR DEFENDANT

We, the jury in this case, being duly impaneled and sworn, find in favor of

Defendant, Ronald Joseph.

Each of us said jurors concurring in said verdict signs his/her name hereto this

_____ day of _____, 2018.


1._____    5. _____
   Foreperson

2. _____    6. _____

3. _____    7. _____

4. _____    8. _____