UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARIE JOSEPH, | : | Case No. 1:16-cv-465 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| RONALD JOSEPH, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The jury having returned a verdict in this civil action on October 23, 2018 in favor

of Defendant Ronald Joseph and against Plaintiff Marie Joseph as to Count One of

Plaintiff's Complaint for breach of fiduciary duties, the Court Orders as follows:

1.  Count Three of the Complaint, for an accounting, is **DISMISSED WITH PREJUDICE** on the grounds that Plaintiff's accounting claim was merely a potential remedy for Plaintiff's breach of fiduciary duties claim, not an independent cause of action. *See Rare Coin Enters. v. Chrans*, No. 3:05-cv-7473, 2006 U.S. Dist. LEXIS 57347, at * 3 (N.D. Ohio 2006) (explaining that an accounting is a remedy that "rises out of an action for breach of fiduciary duty or other trust relationship"); *Liquidating Tr. of the Amcast Unsecured Creditor Liquidating Trust v. Baker (In re Amcast Indus. Corp.)*, 365 B.R. 91, 123 (Bankr. S.D. Ohio 2007) ("[R]equests for an accounting and imposition of a constructive trust do not describe independent causes of action and are properly dismissed.").

2.  Defendant's motion for judgment as a matter of law (Doc. 195) is **DENIED**, as a legally sufficient evidentiary basis existed for a reasonable jury to find for Plaintiff on her claim.

3.  Plaintiff's motion for judgment as a matter of law, made orally on October 19, 2018, is **DENIED**, as a legally sufficient evidentiary basis existed for a reasonable jury to find for Defendant on Plaintiff's claim.

4. Count Two of Plaintiff's Complaint, which states a claim for access to corporate records, remains. This equitable claim, which the Court bifurcated from Plaintiff's legal claim, will be resolved by Judge Black. The parties are **ORDERED** to meet and confer and to file on the docket, by November 27, 2018, a proposal for resolving Plaintiff's corporate records claim. The parties' proposal should include, at a minimum: (1) a statement why the parties cannot settle this claim among themselves; (2) a statement as to what additional briefing, if any, is required; (3) a briefing schedule, if applicable; and (4) a statement as to whether Plaintiff's corporate records claim can be decided on the briefs or whether a bench trial is required, and, if so, generally when and for how long.

**IT IS SO ORDERED.**

Date: _____11/6/18_____

Timothy S. Black
United States District Judge