# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MARIE JOSEPH,                                                    Case No.: 1:16-CV-00465

       Plaintiff,                                      Judge Timothy S. Black

v.

RONALD JOSEPH,

       Defendant.

## ORDER DENYING PLAINTIFF'S MOTION
## FOR ENTRY OF JUDGMENT AS A MATTER OF LAW
## OR FOR NEW TRIAL

After an 11 day trial, the jury in this case entered a verdict finding against Plaintiff on all claims. Disappointed, Plaintiff has filed her Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (Doc. 225). Plaintiff asks the Court to grant her judgment pursuant to Federal Rule of Civil Procedure 50 on the claims covered by Jury Interrogatory Number 7, and for a new trial pursuant to Fed. R. Civ. P. 59 on all other claims. Defendant has filed his Memorandum in Opposition (Doc. 227), and Plaintiff has filed her Reply (Doc. 229). For the reasons that follow, the Court **DENIES** Plaintiff's motion.

       **A. Motion for Judgment as a Matter of Law**

Plaintiff renews her motion for judgment as a matter of law on Jury Interrogatory 7 (*see* Doc. 210 at Page ID # 15718), which Interrogatory 7 asked whether certain transfers were fair to Columbia. In response, Defendant argues that the evidence at trial supported the jury's verdict that the transactions identified in Jury Interrogatory were fair to Columbia.

Pursuant to Federal Rule of Civil Procedure 50(b), the Court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct entry of judgment as a matter of law. Fed. R. Civ. P. 50(b). Judgment as a matter of law may only be granted if, when viewing the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party. *Balsley v. LFP, Inc.*, 691 F.3d 747, 757 (6th Cir. 2012) (citing *Barnes v. City of Cincinnati*, 401 F.3d 729, 736 (6th Cir. 2005)).

When considering a Rule 50 motion, a court should not weigh the evidence, question the credibility of witnesses, or substitute its judgment for that of the jury. *Schwartz v. Sun Co., Inc.,* 276 F.3d 900, 903 (6th Cir. 2002) (quoting *K & T Enterprises v. Zurich Ins. Co.*, 97 F.3d 171, 175–76 (6th Cir. 1996)). That is, in considering a motion for judgment as a matter of law, the court should review all of the evidence in the record, but, in doing so, must draw all reasonable inferences in favor of the nonmoving party, and the court may not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Products,* 530 U.S. 133, 150 (2000)*; Black v. Ryder/P.I.E. Nationwide, Inc*., 15 F.3d 573, 583 (6th Cir. 1994). A court's review is restricted to the evidence that was admitted at trial. *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (citations omitted).

Thus, the jury verdict must be affirmed "unless this Court is left with the definite and firm conviction that a mistake resulting in plain injustice has been committed, or … the verdict is contrary to all reason." *Patton v. Sears, Roebuck & Co.,* 234 F.3d 1269,

2000 WL 1681017, *4 (6th Cir. 2000) (citing *Schoonover v. Consolidated Freightways Corp.*, 147 F.3d 492, 494 (6th Cir.1998)).

Here, Plaintiff cannot make the showing required to prevail on a Rule 50 motion because, taking the evidence in the light in the light most favorable to Defendant, a reasonable juror could have concluded that the transactions identified in Interrogatory 7 were fair to Columbia. In support of her motion, Plaintiff simply re-asserts her arguments that were presented to the jury at the time of trial.

More specifically, Robin Meyer testified at trial about the propriety of payments for candy, coffee, and hand-sanitizer; that Defendant's personal charges were identified and separated from business expenses; and that Defendant fully reimbursed Columbia for personal charges. Melinda Nau also testified as to the reimbursement process for candy and hand-sanitizer, as well as Defendant's personal expenses. Moreover, as to payments made to Pond Realty (other than management fees), Linda May testified that all of these payments were for goods and services and were fair to Columbia, including payments for lot and health insurance. Ms. May testified that each and every one of the so-called wrongful diversions were legitimate business transactions that were fair to Columbia.

Given the evidence presented, including all of the testimony, Plaintiff has not carried her burden to demonstrate that the jury's verdict in favor of Defendant on Interrogatory 7 was "contrary to all reason."

## B. Motion for New Trial

Plaintiff also moves for a new trial.

Requests for a new trial following trial by jury are governed by Federal Rule of Civil Procedure 59(a)(1)(A).  Under this provision, district courts may grant a new trial when a jury has reached a seriously erroneous result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party (*i.e.*, the proceedings were influenced by prejudice or bias). *Williams v. Paint Valley Local School Dist.*, No. C2-01-004, 2003 WL 21799947, at *2 (S.D. Ohio 2003) (citing *Holmes v. City of Massillon*, 78 F.3d 1041, 1045–46 (6th Cir. 1996)).  The governing principle in a court's consideration of a Rule 59(a) motion "is whether, <u>in the judgment of the trial judge</u>, such course is required in order to prevent an injustice; and where an injustice will otherwise result, the trial judge has the duty as well as the power to order a new trial." *Park West Galleries v. Hochman*, 692 F.3d 539, 544 (6th Cir. 2012) (emphasis added; citation and internal quotation marks omitted).

Courts will not set aside a jury verdict simply because the Plaintiff is dissatisfied with the outcome.  Viewing the evidence in the light most favorable to Defendant, Plaintiff must show that the evidence against Defendant is so overwhelming that no one could reasonably find in Defendant's favor. *Patton,* 234 F.3d 1269, 2000 WL 1681017 at 4 (citing *Schoonover*, 147 F.3d at 494).  Here, however, Plaintiff has failed to show that the evidence against Defendant was so overwhelming that no one could reasonably find in Defendant's favor.

Plaintiff first complains that the Court erred in instructing the jury that "[Defendant] Ron did not engage in 'undisclosed self-dealing' if he did not know of the transactions in which he is alleged to have an interest, as [Defendant] Ron did not have a

duty to disclose transactions of which he was unaware." Plaintiff argues that the instruction was made in error and requires a new trial.

Plaintiff does not cite a single case for the proposition that Defendant had a duty to disclose transactions he did not know about. The Court concludes that this instruction is an accurate statement of the law based on common sense and cases involving shareholders in close corporations. *Saxe v. Dlusky*, 2010-Ohio-5323, at \*\*9, 27, 2010 Ohio App. LEXIS 4486 (Ohio Ct. App. Nov. 2, 2010); *Binsack v. Hipp*, 1998 Ohio App. LEXIS 2370, at \*\*8-11 (Ohio Ct. App. June 5, 1998). Both courts found that there was no fiduciary duty to disclose unknown facts. There is no basis for a new trial on account of the knowledge instruction.

Plaintiff next complains that the Court erred in not instructing the jury that a principle is charged with the knowledge of its agents. Again, Plaintiff fails to cite a single case that holds that all knowledge of a corporation's employees is imputed to its majority shareholder. Indeed, this is wrong. "While an individual officer's knowledge may be attributed to the corporation, liability for the corporation's act does not, absent independent evidence, generally flow from the corporation to the corporate officer." *City of Monroe Emps. Ret. Syst. v. Bridgestone Corp.*, 399 F.3d 651, 690, n. 34 (6th Cir. 2005). Although directors "may have, by the nature of their position, extensive knowledge of all aspects of the corporation, whether a director has actual knowledge must be determined on a case-by-case basis according to the facts." *Eastman v. Benchmark Minerals, Inc.*, 34 Ohio App. 3d 255, 257; 518 N.E.2d 23 (Ohio Ct. App. 1986). The Court properly rejected this sweeping agency instruction.

Plaintiff next complains that the Court mis-instructed on "fairness." But the Court repeatedly told the jury that if Plaintiff proved that any self-dealing transactions occurred, Defendant would be required to prove ("by a preponderance of evidence") that the transactions were fair. (*Id.* at Page ID # 15687, 15689, 15691, 15693 and 15696). The Court clearly instructed that if Plaintiff could prove that Defendant engaged in "undisclosed self-dealing … the burden shifts to [Defendant] Ron to prove, by a preponderance of the evidence, that the transaction or transactions constituting 'undisclosed self-dealing' were fair to Columbia." (Doc. 208 at Page ID # 15667). The Court never suggested that Plaintiff was required to prove that the transactions were unfair.

The Court required Defendant to prove exactly what the law requires a defendant to prove. *United States v. Skeddle*, 940 F. Supp. 1146, 1152 (N.D. Ohio 1996) ("[T]he inference of unfairness, arising by reason of the self-dealing aspects of the transaction must be overcome by a preponderance of all the evidence . . . The burden of proof is on defendants.") (quoting *Klein v. Fisher Foods, Inc.*, 6 Ohio Misc. 84, 90, 216 N.E.2d 647 (C.P. 1965)) (emphasis added); using the word "inference" is not required. Moreover, the jury only reached the fairness question on one category of allegedly self-dealing transactions identified by Plaintiff; for the other four categories, the jury determined that Plaintiff failed to prove that undisclosed self-dealing even occurred. (Doc. 210 at Page ID # 15710-20.) The Court's instructions on fairness were accurate, thorough, and fair: they did not prejudice Plaintiff.

Plaintiff next complains that that an unspecified "number of [her] claims were neither tried nor disposed of via summary judgment or any other rulings of the Court." (Motion at 15.) This argument is frivolous as it expressly contradicts representations that Plaintiff's counsel made to the Court at the final pretrial conference.

In a Draft Pretrial Order given to the parties before trial, the Court identified "the claims that [would] be tried to the jury"—including the specific alleged self-dealing transactions and allegedly usurped corporate opportunities that, Plaintiff claimed, were breaches of Defendant's fiduciary duties. (*See* Doc. 225 at Exhibit B). The Court's description of those claims was <u>virtually identical</u> to the description of the claims that <u>Plaintiff</u> included in the parties' Joint Proposed Pretrial Order. (*Compare* Doc. 225 at Exhibit B *with* Doc. 225 at Exhibit C (the Joint Proposed Pretrial Order)). The Court noted that the other two claims listed by Plaintiff in the Joint Proposed Pretrial Order— that Defendant had "with[held] the profits of Columbia and its subsidiaries from [Plaintiff] Marie while simultaneously issuing discriminatory disguised dividends to [Defendant] Ron himself and his sons" and that he had "deprived [Plaintiff] Marie of the value of her investment in [Columbia]"—"appear[ed] to be duplicative and require[d] clarification." (*Id.*)

At the pre-trial conference, the Court asked Plaintiff's counsel whether it had accurately summarized the remaining claims, and whether the final two claims identified were, in fact, duplicative of her other claims. <u>Plaintiff's counsel agreed that they were</u>. Witness this exchange:

> THE COURT: There were two other statements in plaintiff's presentation of its proposed claims in the final pretrial order, and what is recited at A sounds like the management fee claim, and what's recited in B sounds like another way to describe breach of fiduciary duty, an effect of the breach of fiduciary duty. **Do I misapprehend as to A and B on the bottom of page three, from the plaintiff's perspective?**
>
> MR. LANDEN: **No, Your Honor**. They are manifestations of the damage caused by the breach of fiduciary duty, the effects of the breach of the fiduciary duty.

(Doc. 219, Tr. of Oct. 2, 2018 Pretrial Conf. at 6:16-25) (emphasis added).

The Court then asked Plaintiff's counsel to <u>confirm that all of her remaining claims were listed</u>:

> THE COURT: **So I need an acknowledgment from plaintiff that the only claims you're trying are on page two at A through B on page three.** Does the plaintiff acknowledge those are the Court's rulings, whether or not they like the Court's rulings?
>
> MR. LANDEN: As the Court will note, *we disagree with some of the rulings, but we understand them and intend to abide by them.*

(Doc. 219, Tr. of Oct. 2, 2018 Pretrial Conf. at 7:1-8) (emphasis added)). Plaintiff never objected to the list of claims in the Final Pretrial Order before or during trial.

At trial, Plaintiff alleged that Defendant breached his fiduciary duty in two specific ways: through alleged self-dealing and through usurpation of corporate opportunities. Now Plaintiff argues, in direct contradiction to her own previous positions, that the Court misunderstood its own orders and failed to present additional claims to the jury. This argument borders on bad faith.

Plaintiff next complains that the testimony provided by Lou Rouse and Ned Van Emon was improper and warrants a new trial. Plaintiff's arguments are unsupported and untrue.

Lou Rouse and Ned Van Emon testified consistent with what Plaintiff learned during discovery. Specifically, Plaintiff's counsel inquired and learned during depositions that the management fees were set a long time ago by Lou Rouse (in consultation with Ned Van Emon), that they were set up based on industry standards, and that they did not change from the original structure and remained consistent year-after-year. Because the management fee structure did not deviate since the time it was established, testimony about that management fee structure as it was originally established was not only directly relevant to the 2012-2016 time period, but also necessary to explain the fairness of the fees during that time period. The Court properly allowed testimony narrowly tailored to this topic. No new trial is warranted on this issue.

Plaintiff next complains that the testimony of Dave Neiheisel's testimony was improper as not properly disclosed in discovery. Plaintiff argues further that testimony regarding the impact on fleet sales on Joseph Chevrolet was prejudicial because it was based in part on fleet sales documentation that Defendant did not produce in discovery. Plaintiff similarly argues that all of the testimony Defendant adduced regarduing the fairness of the management fees was improper because Defendant did not produce any documentation from Pond Realty that spoke to the fairnes of the management fees.

These arguments are specious. Defendant produced 99 boxes worth of documents as to fleet sales … and Plaintiff agreed that Neiheisel could and would testify at trial.

9

And the fact that no documents relating to what Plaintiff sought were produced by Pond Realty does not mean that there were not actual services rendered which is what Richard Joseph and numerous other witnesses testified about at trial. (*See* Doc. 216, Tr. Trial Day 7 at 7-8:5 to 7-11:18). No new trial is required on these bases.

Plaintiff next complains that a new trial is required because Defendant did not plead lack of knowledge as an affirmative defense. But Plaintiff does not cite a single case holding that lack of knowledge is an affirmative defense. Plaintiff was required to prove that Defendant knew something about the transactions at issue to prove her claim of undisclosed self-dealing; therefore, the evidence that Defendant did not know about the transactions did not raise any matters extraneous to Plaintiff's *prima facie* case. Moreover, the other principal consideration in determining whether a defense is affirmative is fairness. *Ford Motor Co. v. Transp. Indem. Co.,* 795 F.2d 538, 546 (6th Cir. 1986). The purpose of Fed. R. Civ. P. 8(c) is "to give the opposing party timely notice of the affirmative defense and the opportunity to respond." *Belluardo v. Cox Enters.*, 157 Fed. Appx. 823, 830 (6th Cir. 2018). Plaintiff knew during discovery and before trial that Defendant did not know about many of the alleged self-dealing transactions upon which she based her claims. There was no surprise.

Plaintiff final complaint is that "[Defendant] Ron's ever-shifting litigation and trial strategies requires a new trial." The Court is hard-pressed to take this complaint seriously. Defendant denied the charges from day one, arguing in large part that the transactions Plaintiff identified were <u>not</u> improper self-dealing at all, that Defendant had little to do with most of them, that in any event neither Plaintiff nor Columbia were

harmed by the transactions in any way, and that no misconduct or wrongdoing occurred. Upon the evidence and testimony adduced at trial, the jury agreed with Defendant. Plaintiff's unhappiness with the verdict is not a basis for ordering a new trial.

Finally, as held by the Sixth Circuit, claims of error in jury instructions require that the instructions to be reviewed as a whole in order to determine whether they adequately informed the jury of the relevant considerations and provided a basis in law for aiding the jury in reaching its decision. *Beck v. Haik*, 377 F.3d 624, 636 (6th Cir. 2004) (citing *O-SoDetroit, Inc. v. Home Ins. Co.*, 973 F.2d 498, 502 (6th Cir. 1992)). Indeed, "[t]his court may reverse a judgment on the basis of improper jury instructions only if the instructions, when viewed as a whole, were confusing, misleading and prejudicial." *United States v. Wells*, 211 F.3d 988, 1002 (6th Cir. 2000)*; see also Bongartz v. State Farm Fire and Cas. Co.*, 1994 WL 315240 (6th Cir. 1994). A court's disregard of a party's proposed jury instruction does not amount to prejudicial error unless the party can prove that the instructions that were given were misleading or gave an inadequate understanding of the law. *Tuttle v. Franklin County*, 1997 WL 375327, *4 (6th Cir. 1997). Here, the Court's instructions, when viewed as a whole, were not confusing, misleading nor prejudicial.

In sum, there is **no basis** to order a new trial and **no basis** to rule that Plaintiff is entitled to judgment as a matter of law on the claim addressed in Jury Interrogatory 7. Courts will not set aside a jury verdict simply because the Plaintiff is dissatisfied with the outcome.

Accordingly, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

Date: March 18, 2019

*Timothy S. Black*
Timothy S. Black
United States District Judge